R. W. PUGH, Assignee, Plaintiff, Appellant, v. JOHN JONES, Administrator Garnishee, Defendant, ET AL.
At Suit of Plaintiff and Appellant, v. Eugene Murphy and Richard Murphy, Defendants and Appellees. James M. McCune et al., M. Dwyer, and J. M. Dower, Intervenors.

**Garnishment:** LIABILITY OF GUARDIANS. A guardian is not subject
1   to garnishment, but holds the funds after the death of his ward, subject to an accounting to the administrator under the direction of the court.

**Same:** LIABILITY OF ADMINISTRATOR. A creditor of heirs, whose
2   garnishment of an administrator is subsequent to a valid assignment by the heirs of their interest in the estate, acquires no right to the funds.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON,
Judge.

FRIDAY, JUNE 7, 1907.

GARNISHMENT proceedings, wherein plaintiff seeks to
hold John Jones administrator of the estate of Mary L. Mur-
phy, deceased, by reason of holding property or money be-
longing to Richard and Eugene Murphy, who are judgment
debtors of plaintiff. The trial court discharged the garni-
shee, and plaintiff appeals.— *Affirmed.*

*R. W. Pugh,* for appellant.

*J. M. Dower,* for Defendants and Intervenors, appellees.

DEEMER, J.— One M. Dwyer was the guardian of
Mary L. Murphy. The latter died May 28, 1904. After
her death her guardian was garnished by plaintiff as a sup-
posed debtor or as holding certain property belonging to Rich-
ard M. Murphy and Eugene A. Murphy, against whom plain-
tiff held judgments. These judgment defendants were heirs
and legatees of Mary L. Murphy, deceased. D. M. Vannest,
a son-in-law of Mary L. Murphy, was on the 13th day of
June, 1904, appointed a special administrator of Mary L.
Murphy's estate, but he never qualified as such. Thereafter,
and on July 9, 1904, John Jones was appointed and qualified
as administrator of her estate and on the 13th day of July,
1904, he too was garnished by plaintiff. Garnishment was
also had on Vannest; but, as he never qualified and never held
any money or property belonging to the heirs of the deceased,
no attention need be paid to this garnishment. In the mean-
time, and before July 9, 1904, defendants R. M. and E. A.
Murphy had assigned to various parties, interveners in this
case, all their rights, titles, and interests in and to the estate
of Mary L. Murphy, deceased. These assignments were
each and all prior to the garnishments of the administrator

and seem to have been made in good gaith, at least their *bona fides* is not questioned, so that this garnishment cuts no figure in the case.

But plaintiff contends that his garnishment of the guardian of Mary L. Murphy, although run after her death, was and is sufficient to hold the funds which might eventually pass to her heirs and legatees. It is a general rule that, when property is in *custodia legis,* the officer holding it is not liable to garnishment. Rood on Garnishment, section 27, and cases cited; *Martin v. Davis,* 21 Iowa, 535. When such right exists, it is in virtue of some statute, and, as there is no statute in this State authorizing it, there seems to be no authority for holding a guardian as garnishee. *Brooks v. Cook,* 8 Mass. 246; *Waite v. Osborne,* 11 Me. 185; *Short v. Moore,* 10 Vt. 446; *Stout v. La-Follette,* 64 Ind. 365.

1. GARNISHMENT: liability of guardians.

Administrators and executors may under our statute (Code, section 3936), be garnished, but not guardians. But it is argued that Dwyer was no longer guardian when garnished, for the reason that his ward was then dead. But this is not so. Although the ward was dead, the guardianship continued for the purpose of settlement until a proper adjustment of the trust in the probate court. *State Fair Ass'n v. Terry,* 74 Ark. 149 (85 S. W. 87). After the death of the ward he was still an officer of court until discharged, and subject to its control and order. He was not holding the funds in his hands for the heirs of his ward, but his accountability was to the administrator of his ward's estate. He could not pay the money in his hands to the heirs of his ward with impunity, and could not close up his trust without accounting under the direction of the court to the administrator of his ward's estate. While for certain purposes it is held that the estate of an ancestor vests immediately in his heirs, yet this does not entitle them to the personal estate or to any aliquot part thereof unconditionally. It is all subject to administration, and passes as in this case from the guard-

ian to the administrator, and not directly to the heirs. But in this case it is plain that the guardian was holding the property when garnished as an officer of court, and, as such, was responsible to the court appointing him and to the administrator, and not to the heirs of his ward. Under no view could he be held as garnishee until discharged as guardian, and, as such discharge could not be had until he had turned the property over to the administrator of Mary L. Murphy's estate, he was manifestly not subject to garnishment.

When the proper administrator was garnished, the heirs had assigned all their interest in their ancestors' estate, and as plaintiff had no greater rights in and to the fund than his 2. SAME: liability debtors had or would have had, he got nothof adminis- trators. ing by that garnishment. The whole proposition here is answered by the suggestion that the property was in *custodia legis,* while in the hands of the guardian, although his ward was dead, and that there is no provision of statute authorizing the garnishment of a guardian. As we have said, the garnishment of Vannest is of no moment *Mechanics' Bank v. Waite,* 150 Mass. 234 (22 N. E. 915) ; and the garnishment of the administrator was after all the assignments had been made.

Further it is argued that the assignments to interveners are not sufficiently established. This is purely a fact question. Turning to the record, we find that they are properly proved.

The judgment discharging the garnishees is correct, and is *affirmed.*