## Moseley, et al. v. Mayton, et al.

(Decided December 15, 1922.)

### Appeal from Christian Circuit Court.

1. Infants—Action to Sell Real Property of Infants—Process.—In an action to sell real property of infants jointly owned, the summons should be executed by delivering a true copy thereof to each of the infants over the age of fourteen years, and a copy to the father, if living; or if no father, to the guardian, and if no guardian, to the mother of such infants as are under the age of fourteen years.

2. Infants—Process.—A judgment against an infant under fourteen years upon whom no process was served, as directed by Civil Code, section 52, is void.

3. Infants—Process.—Where the summons is properly served upon part of the infants but not upon the others, the judgment entered directing a sale of the land will be valid as to those upon whom process was properly executed, and void as to those upon whom no process was served.

THOMAS P. COOK for appellants.

H. W. LONTON and LORENZO K. WOOD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing in part and affirming in part.

By this suit it is sought to set aside a master commissioner's deed made pursuant to a judgment of the Christian circuit court in the case of Sally Hancock, etc., versus Mary L. Gray, etc., which suit was instituted August 1, 1903, and the land sold and final orders in the case entered in December of the same year. The land in question was owned by Hester A. Gray, who died intestate December 7, 1902, domiciled in Christian county. She left surviving her a daughter, Sallie Hancock, and eight grandchildren, seven of whom were by her son, R. F. Gray, deceased, and one grandchild by her other son, James Gray, deceased. All but two of the grandchildren were under the age of fourteen and these two minors were children of R. F. Gray. The widows of her two sons, who were the mothers of the said grandchildren, both survived and had control each of her own offspring. There was no statutory guardian for either set of children.

The land consisted of about 117 acres of poor soil. Suit was brought by Sallie Hancock and her husband against Mary L. Gray and all the infants for the purpose of a sale of the property and a division of the proceeds. In the petition it was alleged that the lands were not susceptible of advantageous division and that a division would disadvantageously affect the shares of plaintiffs and defendants and the entire property. On this petition was issued on August 1, 1903, a summons for all of the defendants, as follows: Mary L. Gray, who was the mother of the infants; T. H. Gray, Lena Florence Gray, Maudy Gray, Robert Gray, Bertha Gray, Goeble Gray and Boyd Gray.

This summons was executed by a deputy sheriff to whom it was delivered by giving a copy thereof to Mary L. Gray, mother of the seven infants, two of whom were above the age of fourteen; and also by giving to each of the two above the age of fourteen a copy of the summons, and by delivering to the mother, Mary L. Gray, a summons for Maudy, Robert, Bertha, Goebel, Boyd and Ruby Gray, infants under fourteen years of age.

This action was instituted August 8, 1919, more than fifteen years after the commissioner's deed was made, approved by the court and delivered to Sallie Hancock as the highest and best bidder at a decretal sale, and more than fifteen years after she took actual possession of the property, enclosed it and began living upon same, claiming it as her own under the commissioner's deed. By this action it is sought to set aside the former judgment and proceedings on the ground that the infants were not properly before the court. It is admitted that all the necessary steps were taken in the first proceedings by which the land was sold, except it is earnestly urged that the infant defendants were not properly before the court and that the court therefore did not have jurisdiction of them and in consequence the judgment is not voidable but void. It is said that the summons was executed upon Mary L. Gray as guardian for the several infants who were under fourteen years of age and lived with her. But as the infants had no guardian and their father was dead, the mother was the designated person upon whom process could be properly served, and the same was good even though by mistake she was designated guardian when she was not. Lawrence v. Conner, 12 R. 86; Betty v. Petrie, &c., 138 Ky. 428. It is also admitted that T. H. Gray and Lena Florence Gray, who were above the age of fourteen years, were duly served with a copy of the summons. It is well settled that where there is no guardian and no father infants under the age of fourteen years must be served by delivering to their mother, if she be living, a true copy of the summons, and all infants over the age of fourteen years must be served by delivering a true copy of the summons to them in person, as in the case of an adult. All this was done with respect to the heirs of R. F. Gray, deceased, and we think they were all properly before the court. Johnson v. Carroll, et al., 190 Ky. 689; Webb, et al. v. Webb, et al., 190 Ky. 574; Cheatham, &c. v. Whitman, 86 Ky. 614. But with respect to Ruby Gray, the only

child of James Gray, son of Hester A. Gray, deceased, we entertain a different opinion. She was an infant only about eighteen months old and was in the care and custody of her mother, Addie Gray. When the old suit was instituted the attorney for plaintiffs sent word to Mrs. Addie Gray to bring the baby and come to his office. This she did, and from affidavits we learn that the sheriff then and there served the process upon Addie Gray for her infant child, and appellants insist that this was not only sufficient service but sufficient evidence of proper service. With this we cannot agree. The only competent evidence in this case to show upon whom the process was served is the return of the sheriff which shows that a copy of the summons issued for Ruby Gray, infant under the age of fourteen years, was served by delivering a true copy to Mary L. Gray, who is the mother of seven children by T. H. Gray, while Ruby Gray is the child of James Gray by Addie Gray, but James Gray being dead and the child having no statutory guardian, the process was servable only upon the mother, Addie Gray, who had her in custody. The deputy sheriff who served the process is now dead, and while such returns may be corrected by the official serving the same so as to show the truth any time thereafter even after he has retired from office, no claim is made here that such correction has been made or attempted to be made. It would be a dangerous as well as a new rule which would allow the return on process, such as we are considering, amended, corrected, or extended on affidavits or parol evidence. We, therefore, conclude that the deed was valid as between Sallie Hancock and the children and heirs of Mary L. Gray, but was invalid as to Ruby Gray, the infant child of James and Addie Gray, because the process was not served on the latter in the way and manner required by Civil Code, sections 48 and 52.

On a return of the case to the lower court, if the lands be found to be susceptible of division into two parts, then that part on which the improvements were made by Sallie Hancock and her successor in title, if it can reasonably be done, should be awarded to Moseley; but in doing so no account whatever will be taken of the improvements.

For the reason indicated the judgment is reversed as to the heirs of Mary L. Gray, and affirmed as to Ruby

Gray in so far as it adjudges the said infant entitled to a one-third interest in the said lands; but in all other respects the judgment is reversed for proceedings consistent with this opinion.