## Rachford, et al. v. Rachford.

(Decided June 1, 1928.)

### Appeal from Kenton Circuit Court.

1. Infants.—Under Civil Code of Practice, sec. 52, requiring service of summons on infants under 14 years of age on guardian ad litem appointed by clerk for that purpose, infant defendants under 14 years of age were not properly before court by virtue of service on mother as statutory guardian, where she was plaintiff in the action, and occupied an adverse position to their interests.

2. Infants.—A guardian ad litem cannot act for and on behalf of infants for whom he was appointed, unless they have first been properly brought before the court by legal service of process on them, although regularly and duly appointed statutory guardian might enter appearance of wards without such service of summons.

3. Appeal and Error.—Where judgment in action against infants under 14 years of age was void for failure to serve summons on such infants, Court of Appeals had no jurisdiction of appeal

therein, in absence of overruled motion in lower court for that purpose.

JOSEPH C. HEALY for appellants.

JOHN T. MURPHY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

On February 25, 1925, James J. Rachford died testate a resident of Kenton county, and leaving surviving him the appellee and plaintiff below, Katie Rachford, his widow, and the four infant appellants and defendants below, Phillip Rachford and others, who were his children, and all of whom were under 14 years of age, except Phillip. The mother qualified as statutory guardian of her infant children, and she filed this declaratory judgment action against her wards, seeking an interpretation and construction of her husband's will. She alleged in her petition that a correct construction of the will gave to her absolutely all of decedent's property, including two separate pieces of real estate. Upon the filing of the petition, the clerk appointed a guardian ad litem for the infant defendants, but no summons for any of them was ever served on him; nor did he afterwards make defense for them or otherwise appear in the cause. The court, however, appointed another attorney as guardian ad litem, and he did file a response to the petition in which he stated that he could make no defense, and submitted "that the rights of said infants may be adjudicated as may be meet and proper, and that they have the protection of the court." Through and by another and different attorney than the guardian ad litem or than the one who filed her petition, plaintiff filed what she styled an answer for the defendants "by their guardian, Katie Rachford," in which, inter alia, it was said: "Defendants deny that Katie Rachford is the sole devisee and legatee of said will," or that she was entitled to the whole of the estate under the will of their father.

The cause was then submitted and the court adjudged, by so construing the will, that under its terms plaintiff, the widow, was devised the absolute title to all of the testator's property, and from that judgment the infant defendants prayed and obtained an appeal to this court, which was followed by the filing of a complete transcript in this court with the infants as appellants and their mother as sole appellee.

From the facts appearing in the record, and which we have above correctly stated, it is clear that the infant defendants under 14 years of age were not before the court at the time the judgment was rendered. Their father was dead, and their mother, who was also their statutory guardian, and upon whom service was made for them, was plaintiff in the cause, and occupied an adverse position to their interest. No one else had charge of any of them who were under fourteen years of age. So that, under the express provisions of section 52 of our Civil Code of Practice, the summons could be served on the three infants under 14 years of age under such circumstances only upon a guardian ad litem appointed by the clerk for that purpose; but the record expressly shows that no such service was had.

It has been uniformly held by us that a guardian ad litem could not act for and on behalf of the infants for whom he was appointed, unless they had been first properly brought before the court by legal service of process upon them, although it might be true (and which we have so held) that a regularly and duly appointed statutory guardian might enter the appearance of his wards without the service of summons on them. See Bell v. Smith, 71 S. W. 433, 24 Ky. Law Rep. 1328, and Ellis v. Smith, 147 Ky. 99, 143 S. W. 776. Notwithstanding the statutory guardian might so enter the appearance of his wards without service of process on them, in certain cases, no such rule has ever been announced with reference to a guardian ad litem. On the contrary, we have uniformly held that he could not enter the appearance of his wards, and that his answer in the case did not supply the requirement of a prior legal service of process on them. First State Bank v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020, and cases referred to therein.

It is therefore apparent that the three infant defendants who were under fourteen years of age were not before the court when the judgment appealed from was rendered, and, at least so far as they are concerned, it was void. Being so, we are not authorized to review it, in the absence of an overruled motion made in the court below for that purpose. There having been no such motion, we have no jurisdiction of this appeal, and likewise no jurisdiction to adjudicate the merits of the case.

Wherefore the appeal is dismissed, without prejudice.