## Lowe v. Taylor et al.

(Decided October 25, 1929.)

STRATTON & STEPHENSON for appellant.

W. B. TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is the second appeal of this case. The opinion on the former appeal is reported in 222 Ky. 846, 2 S. W. (2d) 1042, where a full statement of the issues involved may be found. On the return of this case to the lower court, the appellee, Kelsey Taylor, filed an amended petition in the suit which he had brought against his father, W. B. Taylor, and others, to reform the deed which his father had made him to the property here in question. By this amended petition, Kelsey Taylor made his son, Jefferson Taylor, an infant under the age of 14 years, a party defendant. Service was had upon this infant defendant by a copy of the summons being delivered to a guardian ad litem appointed for the purpose of such service, as is authorized in certain cases by section 52 of the Civil Code of Practice.

It appears in the order appointing the guardian ad litem for the purpose of service that the infant defendant

at that time resided with his father and mother. He had no statutory guardian. The sheriff's return on the summons discloses the same state of fact. The infant's mother was no party to the suit of Kelsey Taylor against his father. After the infant had been served in the fashion indicated, proof was taken, and on submission the court reformed the deed from Kelsey Taylor's father to Kelsey Taylor, as requested by the latter. Thereupon an amended petition was filed in this case, which in substance alleged that the appellee had perfected his title to the land in question, and that appellant should be compelled to pay the balance of the purchase price. Appellant filed an answer to this amended petition, in which he denied that appellee had perfected his title. Appellant made the entire record of the case of Kelsey Taylor against his father a part of this answer. On submission, the court held that appellee had perfected his title, and that appellant should pay the balance of the purchase price. From this judgment, this appeal is prosecuted.

Section 52 of the Civil Code of Practice reads:

"(1) If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him.

"(2) If any of the parties upon whom summons is directed to be served by section 52 of the Civil Code is a plaintiff, then it shall be served on the person who stands first in the order named in said section, and who is not a plaintiff; and if all such persons are plaintiffs, it shall, on the affidavit of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian ad litem for the infant, and the summons shall be served on such guardian."

It will be noted that the provisions of the Code require the summons for an infant under 14 years of age to be served on the person who stands first in the order named and who is not a plaintiff. In the suit of Kelsey Taylor against his father, the wife of Kelsey Taylor and the mother of the infant defendant was no party. The infant defendant resided with her, as well as his father, Kelsey Taylor. Hence the summons should have been served upon the mother for the infant, and the service upon the guardian ad litem was not authorized.

In Cain v. Hall, 211 Ky. 817, 278 S. W. 152, 153, in speaking of the service of summons on infant defendants, we said: "As they were then infants under 14 years of age, their father was dead, they had no guardian, and their mother was a defendant, the summons for them had to be served upon their mother, and the prior appointment of a guardian ad litem for them was not authorized by either section 38 or 52 of the Code or at all. Hence neither the appointment of the guardian ad litem nor the service of summons upon him for the infants was in any sense a compliance with section 52; and neither the service upon him nor his answer for them brought them before the court. Allsmiller v. Freutchenicht, 86 Ky. 198, 5 S. W. 746, 9 Ky. Law Rep. 509; Roy v. Allen's Adm'r (Ky.) 118 S. W. 981." See, also, Rachford v. Rachford, 224 Ky. 831, 7 S. W. (2d) 234; Moseley v. Mayton, 196 Ky. 827, 245 S. W. 872.

As the infant defendant was not before the court in the suit brought by Kelsey Taylor against his father, the judgment in that action was void as to such infant, and did not serve to perfect the title of Kelsey Taylor. Hence the court erred in this case in adjudging that Kelsey Taylor had perfected his title, and that appellant should be compelled to pay the balance of the purchase price.

The judgment is therefore reversed, for proceedings consistent with this opinion.