IN RE ESTATE OF IVAN WISSINK.

MARGARET ANN WISSINK et al., appellants, v. LEONARD DUNGAN, appellee.

No. 47755.

(Reported in 46 N.W.2d 717)

MARCH 6, 1951.

Carlos W. Goltz, of Sioux City, and John F. Loughlin, of Cherokee, for appellants.

M. E. Rawlings, of Sioux City, and John A. Hoffman, Jr., of LeMars, for appellee.

SMITH, J.—This strange controversy in which an aunt seeks to protect minor heirs from alleged fraud of their mother does not come to us on its merits. The appeal involves the validity of the administration proceedings by which decedent's estranged wife obtained appointment of her father as administrator and the allowance of her claim sufficient to absorb the entire estate to the prejudice of the children.

Ivan Wissink died May 21, 1948. His surviving spouse, Kathryn, promptly (May 24) procured the appointment of her own father, Leonard Dungan, as administrator.

He filed his final report February 1, 1949, having first (on January 28) procured an order setting it down for hearing February 7, and prescribing a service of notice thereof on the children, Margaret Ann Wissink and Iva Kay Wissink, "by mailing a true copy of said notice of hearing to Kathryn Wissink, mother of said minor children, at the following address, to wit: 5200 West Street, Sioux City, Iowa." The children were ages eight and three, respectively.

The same order appointed a guardian ad litem for the children "to make proper investigation of the facts as set forth in said report and to file his answer herein."

On January 27, 1949, the day before the final report was signed and verified, Kathryn filed the claim in question. It is based in part on two certain alleged loans of $500 each (one at the time they were married), and a further claim that she and her husband, on or about March 1, 1946, entered into an oral contract of partnership and joint tenancy for the operation of a farm, under which they contributed equally in time and effort and by reason of which she claimed the entire net estate. She claimed in the alternative the lump sum of $5000.

The final report referred to this claim and stated the administrator had determined it was a just one and should be allowed, and that he proposed the entire net estate be paid to claimant.

The guardian ad litem filed a perfunctory denial of "each and every allegation * * * and especially every allegation prejudicial to his said wards." There was no direct reference to the claim and no indication of any investigation as to its merits.

The claimant filed a receipt and waiver of notice and of "all objections to said final report"; she also acknowledged receipt of the notices directed to the minors, as of January 31, the day before the final report was actually filed.

The final report was approved and the administrator discharged February 7, 1949. The order of approval referred briefly to the claim and approved the "allowance and payment" of same by the administrator.

On August 26, 1949, the petition in the present proceeding was filed by Helen Brower, a sister of decedent. It does not mention the words "next friend" but clearly shows it is brought "solely and only for the use and benefit" of the minor children and in their behalf. It alleges that "the said Kathryn Wissink together with her father * * * the administrator, schemed, connived and colluded together to fraudulently obtain the assets of the estate * * * to the prejudice of the children * * *; that as part of their scheme * * * the said Kathryn Wissink filed herein a false and untrue claim and obtained the allowance of same * * * and succeeded by said fraud and deceit upon said minors

and this Honorable Court in effect disinheriting the children * * *."

The petition recites that Kathryn "soon thereafter married George Noonan" and has moved to Nebraska and has converted to her own use moneys and property belonging to the minors. It also alleges there is a meritorious cause in behalf of the minors that will be lost "unless the court takes jurisdiction herein for the purpose of correcting mistakes, irregularity, fraud and erroneous proceedings * * * preventing said children from asserting or claiming their rights; that an estate * * * of approximately $12,000" was left by Ivan Wissink.

The petition alleges irregularity in the matter of serving notice of final report on the minors and in the proof of such service and lack of jurisdiction to enter the order of approval.

Various motions were made attacking the petition. The court sustained the motion to dismiss and strike the petition, on the stated ground "that under the statutes and cases the petitioner is not a person authorized to bring the action"; that rule 252, R. C. P., has not superseded Code sections 638.10 and 638.11; and "that the petition does not allege facts from which the conclusions of fraud are drawn." The appeal is from this ruling.

By affidavits of Kathryn Wissink Noonan, attached to the motion to strike and later amendment thereto, it is alleged that she has the custody, care and support of the children, that she is their legally appointed guardian and that they have, since removal to Nebraska, been adopted by her husband and under the law of that state have been granted the names Margaret Ann Noonan and Iva Kay Noonan.

This long statement has been necessary to enable us to appraise the one question of law presented—did the trial court err in dismissing the petition to reopen the estate? Questions of fact as to the merits of the claim of the surviving wife and the size of the estate are of course not before us.

I. The first reason stated by the court for the ruling is unsound. The whole petition makes clear that Mrs. Brower, the petitioner, brings the action as next friend on behalf of the minors. That it fails to designate her as such is of no consequence. We of course look to the substance and not the shadow.

The right of a next friend to assert in probate the right of

a minor and to institute proceedings in probate to that end is recognized in and put beyond question by our opinion in In re Estate of Beghtel, 236 Iowa 953, 20 N.W.2d 421, 161 A. L. R. 1384, and the authorities therein cited. No further discussion of that proposition is necessary.

II. Nor do we think the second ground stated by the trial court for the ruling can be upheld. The court states the case was submitted on the theory that rule 252, R. C. P., applied, and points out that it did not supersede sections 638.10 and 638.11, Code of 1950, I. C. A.

Rules 252 and 253, R. C. P., permit proceedings to be brought within one year for vacation of a judgment upon certain grounds, including mistake, fraud and erroneous proceedings against a minor. We are inclined to agree these rules do not govern here.

But this does not dispose of the question if there be other legal authority for maintenance of the proceeding. Section 638.9, Iowa Code 1950, I. C. A., permits correction in the probate court of mistakes in settlements at any time before final settlement and discharge of the administrator *"and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court."*

It is true the present proceeding is brought in probate and not in equity. The subject matter however is surely equitable. Fraud and collusion are alleged and equitable relief is sought, viz., the setting aside of an adjudication on the ground of fraud and mistake.

The bringing of the proceeding in probate instead of equity is at most a procedural irregularity, remediable by transfer to the proper side, not by dismissal. It does not involve a jurisdictional question. As stated in 34 Iowa Law Review 116, 117, the separation of the civil powers of the district court into law, equity and probate is merely one of docket, not jurisdiction. See Jennings v. Schmitz, 237 Iowa 580, 585, 20 N.W.2d 897; In re Estate of Anders, 238 Iowa 344, 350, 351, 26 N.W.2d 67; In re Guardianship of Damon, 238 Iowa 570, 573, 28 N.W.2d 48; Cleghorn v. Benjamin, 239 Iowa 455, 459, 31 N.W.2d 887.

Since Code section 638.9 authorizes correction upon equitable grounds, and no motion to transfer to equity was made we think the second ground assigned by the court for the ruling com-

plained of was untenable. We need not even determine whether transfer to equity would have been proper.

 III. There remains but one more question to discuss —the sufficiency of the allegations of the petition to charge fraud. Again we must disagree with the trial court. The administration proceedings which we sketched earlier herein were by reference made a part of the petition.

It may be admitted that the rights of the children were recognized as a matter of form. The court prescribed the method of service of notice of hearing on the final report, and apparently such service was made though there is no proof of the fact except the acknowledgment by the mother.

Ordinarily, the mother, with the children in her custody, would have been the proper person upon whom to make service. But by reason of the claim she made against the estate just before the final report was sworn to and filed she was definitely a hostile party as to the property of the estate.

Her claim was never presented and adjudicated in the usual method for establishing claims. The hearing on final report was to constitute the hearing on the claim. Claimant's own father was the administrator (appointed upon her petition) and was the only person who professed to have investigated the peculiar claim that the husband and wife "entered into an oral arrangement for the operation of a farm * * * as partners and further under a joint tenancy with right of survivorship and not as tenants in common." But all he reported was that "after duly considering all the matters and facts relative thereto" he had "determined that the claim is a just one." There is no explanation or disclosure as to what "matters and facts" he considered or what if any investigation he made. The order of approval is no more enlightening.

The casual conduct of the guardian ad litem, as shown by the record, is not reassuring. Section 638.37, Code 1950, I. C. A., authorizes the appointment of an attorney to defend the interests of incompetents in matters of this kind and might well have been invoked.

The claim was filed just the day before the order was made setting the date for hearing on the final report and the day before the final report was verified. The notice of final report con-

tained no reference to the claim or to any hearing on it in connection with the hearing on the final report.

We are not prepared to say all this constituted actual fraud or that the *letter* of the law was violated. Nor do we pass judgment on the claim that the petitioner here seeks to bring to a real hearing upon its merits. It may or may not be just and true. But the fact that the mother has the care and responsibility of these minor daughters does not justify her taking over their interest in the father's estate. The nature of the claim is such as to demand real investigation by disinterested authority. This it apparently has not had.

IV. We have said that ordinarily the mother would be a proper party upon whom to make service of notice to minors. But it has been held such service of notice upon a parent whose interests are adverse to the minor confers no jurisdiction of the person of the minor. In Rachford v. Rachford, 224 Ky. 831, 7 S.W.2d 234, the mother, after her husband's death, brought suit for a construction of his will that would give her all his property to the exclusion of the children. Notice was served on her as statutory guardian of minor children. It was held the service gave the court no jurisdiction of the person of the children. See also Sharp v. Sharp, 333 Ill. 267, 164 N.E. 685; Lowe v. Taylor, 231 Ky. 273, 21 S.W.2d 284.

We are aware of the rule that in administration proceedings interested parties are supposed to take notice of the proceedings and are presumptively present at all times. In re Estate of Feldner, 167 Iowa 150, 149 N.W. 38. Under the Code of 1873 notice of final accounting was not even provided for as now. Interested parties could appear within three months and apply to have the account opened for correction, but not thereafter except upon a sufficient showing of fraud or mistake. Bradbury v. Wells, 138 Iowa 673, 676, 115 N.W. 880, 16 L. R. A., N. S., 240, citing Code 1873, section 2475, and earlier cases supporting the doctrine. But the statute now requires notice. Section 638.36, Code 1950, I. C. A.

We need not determine here whether the order approving final report was entirely void as to the minors. It was certainly at least voidable and subject to be set aside and the estate reopened upon proof of the allegation of the petition. The claim

448

of the mother of these children should be judicially examined and allowed only upon competent proof.

For that purpose the decision of the trial court is reversed and the cause remanded.—Reversed and remanded.

·All JUSTICES concur except MANTZ, J., not sitting.