IN RE ESTATE OF JAMES M. ALLEN.

GEORGE HAMNER, claimant-appellant, v. FLORA CLARK, executrix of estate of James M. Allen, appellee.

No. 48892.

(Reported in 75 N.W.2d 241)

MARCH 6, 1956.

Gordon K. Darling and Daniel J. Gallery, both of Winterset, for claimant-appellant.

Webster & Frederick, of Winterset, for appellee.

WENNERSTRUM, J.—This appeal has developed by reason of a claim filed in the estate of James M. Allen, deceased, by George Hamner. It was therein asserted Allen had agreed he would will certain property to the claimant conditioned on the furnishing of care to the decedent. The executrix of the estate filed a denial to the claim on several grounds. Subsequent to the filing of the denial she filed a motion for separate adjudication of law points. Rule 105, R. C. P. The trial court in its ruling held there was a lack of jurisdiction of the court over the necessary parties and over the subject matter of the claim and dismissed the action. The claimant has appealed.

I. It is the contention of the claimant section 638.21, 1954 Code provides for the enforcement of rights of a claimant in real estate under a contract with a decedent by proceedings in the estate against the executrix alone. This Code section authorizes specific performance by an executor or administrator of a contract for the conveyance of real estate entered into by a decedent during his lifetime. However, it is the claim of the executrix that specific performance is an equitable remedy and a court of

equity is the proper tribunal for the maintenance of a proceeding to obtain such relief.

We have repeatedly held the district court in this state is only one court. If no motion is made to transfer to another docket, a probate court may consider litigation which might have been brought at law or in equity. Relative to the question of the right of the probate division of the court to consider matters generally cognizable in equity we stated in In re Estate of Ferris, 234 Iowa 960, 973, 14 N.W.2d 889, 897 : "While the probate court is not open to ordinary actions at law or suits in equity, it has plenary jurisdiction to hear and determine matters essential to an effective administration of probate business before it, even though they are ordinarily cognizable in law or equity proceedings [citing cases]."

If a proceeding is brought in the wrong forum the remedy of a litigant is to seek to have the action transferred to the proper docket by motion. In re Estate of Pierce, 245 Iowa 22, at page 30, 60 N.W.2d 894, at page 899; In re Estate of Wissink, 242 Iowa 441, 445, 46 N.W.2d 717, 720; Cleghorn v. Benjamin, 239 Iowa 455, at page 459, 31 N.W.2d 887, at page 889; In re Guardianship of Damon, 238 Iowa 570, at page 575, 28 N.W.2d 48, at page 50; Jennings v. Schmitz, 237 Iowa 580, at page 585, 20 N.W.2d 897, at page 901. No such motion to transfer was filed in the present case. Consequently if there was any error in bringing the action in probate, a question we do not determine, it is waived. Sections 611.7, 611.9, 611.12, 1954 Code.

II. We find no justification for the dismissal of the claimant's action. It is our conclusion the case of In re Estate of Anders, 238 Iowa 344, 26 N.W.2d 67, cited by the executrix, is not applicable to the situation in the present action. A reversal must result.—Reversed.

All JUSTICES concur.