FELIX SMITH et al., appellants, v. ALINE KETELSEN, administratrix of estate of Marie Smith, et al., appellees.

No. 51218.

(Reported in 127 N.W.2d 91)

MARCH 10, 1964.

Newport, Wine & Schebler, of Davenport, for appellants.

McCarthy & Hart, of Davenport, for appellee Eva Fuqua.

Lambach, Shorey & Plath, of Davenport, for appellee Aline Ketelsen, administratrix of estate of Marie Smith.

PETERSON, J.—This is an action for declaratory judgment. It is filed by five parties, claiming to be the heirs-at-law of Marie Smith who died in Chicago on March 1, 1962. An estate was opened for her in Scott County. Defendants filed motion to dismiss on the theory the proceedings should be filed in probate, and not in an independent declaratory-judgment action. Trial court sustained the motion to dismiss. Plaintiffs have appealed.

I. When Marie Smith was an infant her mother died and she was placed by her father with defendant Eva Fuqua, a great-aunt of Marie's. From then on Eva took care of her until she became of age. She provided for Marie in her home through the years of her childhood and sent her to school at Davenport until she finished junior year in high school. Then she sent her to New York City where she took her senior high-school year. She took typewriting and shorthand in her senior year and became an accomplished secretary upon graduation. She worked in New York for a few years, and finally about twelve years ago came to Chicago. She lived and worked in Chicago until she was forty-one years of age, when she died. She never married.

After her death Eva Fuqua went to Chicago and brought her back for burial in Davenport.

When Eva Fuqua went to Chicago to bring back Marie for burial she also brought back the money which she had in a bank, which Eva claims was about $5000. Eva already had in her possession 42 shares of stock in American Telephone & Telegraph Company.

Eva Fuqua filed a petition for administration of the estate of Marie Smith in Scott County and in the petition stated that her estate amounted to about $5000. She asked for the appointment of defendant Aline Ketelsen as administratrix, and she was appointed. Miss Fuqua filed a claim in the estate of Marie

Smith, deceased, for $7000 for the cost of her care and keep through school, both in Davenport and in New York City.

Felix Smith, Marie's father, remarried and there are four children as the result of said marriage, said four children being the plaintiffs Betty L. Thornton, Katherine M. Jenkins, Felix L. Smith, Jr. and Frankie A. Smith. They are half sisters and half brothers of Marie.

Instead of filing an application in the probate proceedings Mr. Smith, the father, and his other children filed this action for declaratory judgment against the administratrix of the estate and Eva Fuqua. The petition is somewhat lengthy and it raises several questions which plaintiffs claim and believe can only be settled in a declaratory-judgment action. In general they make the following claims and raise the following questions.

They claim that Marie Smith during the years of working earned and saved "thousands of dollars." They state that such money was placed in banks and at least part of it was deposited in accounts of Marie Smith and Eva Fuqua as joint tenants. They allege this is contrary to Eva Fuqua's statement in the petition for the appointment of an administratrix and that through fraud and deception defendant Eva Fuqua is hiding assets which, in fact, were the property, and the result of the work, of Marie Smith. They allege that the 42 shares of A T & T stock were secured by the payment of approximately $1700 by Eva Fuqua and $600 by Marie Smith, and are now in their joint names, and make a claim as to ownership of said stock or part thereof.

The question which is the principal and vital question to be determined in this declaratory-judgment action is the place of residence of decedent. It is true that she was in New York and Chicago for a good part of her life, but she was born, reared and grew up into her teens in Davenport. Her great-aunt Eva who, in fact was in loco parentis to her, was at all times a resident of Davenport. This is important because it appears from the statutes of the two states of Illinois and Iowa that if Marie was a resident of Iowa her father, plaintiff Felix Smith would be her sole heir. Illinois statutes are different and if she died a resident of Illinois all of the plaintiffs would share in

her estate, if there is any. Her father, Felix, would receive a double share as compared with the other four plaintiffs.

II. The questions, therefore, raised by plaintiffs in the case at bar are: 1. The domicile of Marie Smith at the time of her death. 2. A full accounting by appellee Eva Fuqua as to the property in her possession, which plaintiffs claim belongs in the estate.

The statements of errors relied upon by plaintiffs for reversal are: 1. The trial court erred in dismissing the petition and in holding that declaratory relief cannot be permitted to appellants under the circumstances of the case. 2. The trial court erred in dismissing plaintiffs' petition, in lieu of its transfer, on proper motion, to be heard in probate. 3. The trial court erred in failing to hold that appellees' remedy was to file a motion to transfer to the probate docket rather than sustaining the motion to dismiss, but, since appellees did not move to transfer appellants' cause to the probate docket, appellees waived error in the type of proceedings adopted.

III. Before considering the statements of errors relied upon by appellants for reversal it is well that we set out the pertinent provisions of rules 261 and 264 in Division XI in Rules of Civil Procedure entitled "Declaratory Judgments":

"261. * * * Courts of record * * * shall declare rights * * *. The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The enumeration in the next three rules does not limit or restrict the exercise of the general power herein referred to."

"264. * * * Any person interested as * * * devisee, legatee * * * or cestui que trust, in the administration of a trust or the estate of a decedent * * * may have a declaration of rights * * * in respect thereto: * * *

"(b) To direct * * * administrators * * * to do or abstain from doing any particular act in their fiduciary capacity; or

"(c) To determine any question arising in the administration of the estate * * * or trust, including questions of construction of wills * * *."

In their statement of errors relied on for reversal appellants' first contention is that the trial court erred in holding declara-

tory relief should not be granted to appellants under the circumstances of the instant case.

██ The circumstances in the instant case are such that a declaratory judgment would terminate questions of uncertainty and controversy now present in the situation.

In the first place the appellants are entitled to know which of the appellants are the legal heirs of decedent. None of the appellants was a party in the probate proceedings in any manner until this action was brought for declaratory relief. The administratrix had not filed a list of heirs and an inventory of the property in the estate. We presume her situation was the same as that which confronts appellants now; she did not know who to place in her list of heirs upon filing same. She could hardly assume the responsibility of deciding the very technical and questionable legal situation as to who Marie Smith's heirs are. That can only be decided after a hearing in court, the presentation of all facts, and determination of the legal question involved. A judgment by the court that decedent was an Illinois resident at the time of her death would settle the question that all appellants are heirs-at-law and had an interest in her estate. On the other hand a declaratory judgment by the court that decedent was domiciled in Iowa would settle the matter as between appellants. Only the decedent's father, appellant Felix Smith, would be the heir.

The other question needing attention by a court of equity in the form of a declaratory judgment is the matter of the assets of the estate of decedent. Defendant Eva Fuqua claims all assets in her claim filed in the estate. Appellants allege Marie Smith left "large sums of money, amounting to thousands of dollars, in one or more banks in the joint names of Marie Smith deceased and of the defendant Eva Fuqua", but they allege the property was actually the property of Marie Smith, and that Eva Fuqua whose name was only placed on the accounts as a matter of accommodation had no rightful interest in the money or property.

██ The rules as above quoted are remedial and should be given a reasonably liberal construction. In re Estate of Pierce,

245 Iowa 22, 31, 60 N.W.2d 894, 900, and citations; Herbst v. Treinen, 249 Iowa 695, 88 N.W.2d 820.

In 1958 we rendered the decision of Herbst v. Treinen, supra. It was somewhat analogous to the instant case and is to a marked extent a precedent for the decision we are rendering herein. Mr. Jacob Herbst died in 1932. He left a life estate in all his property to his widow, Barbara, with the remainder to his children, Kenneth Jacob Herbst and Leona Reardon. Barbara died in 1956 in possession of the property in which she had a life tenancy. The administrators of her estate refused to turn over the personal property to plaintiffs. The children filed a petition for declaratory judgment, pursuant to rules 261–269, Rules of Civil Procedure, demanding possession of the personal property. Defendants filed a motion to dismiss the petition which is the same procedure as was taken by defendants in this case. We held it was error to dismiss plaintiffs' petition upon the grounds urged, and reversed the trial court.

IV. We will consider alleged errors 2 and 3 together. They belong together. Appellants contend the trial court erred in dismissing the petition, when, for some reason appellees failed to file motion to transfer to probate. They also allege when this happened appellees waived their position that they should be in probate, and the trial court should have overruled defendants' motion to dismiss.

The differences as to the forum are not jurisdictional; they pertain to procedure.

Section 611.12, Code of Iowa, refers to it: "An error as to the kind of proceedings adopted in the action is waived by a failure to move for its correction at the time and in the manner prescribed in this chapter; and all errors in the decisions of the court are waived unless excepted to at the time, save final judgments and interlocutory or final decrees entered of record."

We considered the question in In re Guardianship of Damon, 238 Iowa 570, 573, 28 N.W.2d 48, when we said: "In this state the probate court is not a separate or distinct court with powers and jurisdiction strictly its own. It is part of the district court, which has general, original jurisdiction of all actions, proceedings, and remedies. We have frequently pointed out there is

but one court of general jurisdiction in Iowa—the district court. Before it all proceedings come, whether law, equity or probate. Forms of action differ but they are not controlling. Separate dockets are kept merely for convenience and efficiency, to expedite the administration of justice. The remedy to which a party is entitled may be awarded in utter disregard of its place on the calendar unless objection is raised in the manner prescribed by statute—a motion to transfer to the proper docket. If no such motion is made, any error in the kind of proceedings adopted is waived."

We are in the same situation as the parties in In re Estate of Allen, 247 Iowa 618, 620, 75 N.W.2d 241, 242, except in reverse. The principle involved is similar. We said: "No such motion to transfer was filed in the present case. Consequently if there was any error in bringing the action in probate, a question we do not determine, it is waived. Sections 611.7, 611.9, 611.12, 1954 Code."

Procedure as to declaratory judgment was adopted to provide a forum where questions such as are presented in this case can be determined. Extensive inquiry both as to facts and law is necessary in this case to determine important questions, both as to who the heirs are, and what property decedent had at death, before the proper parties can proceed in probate.

It was error to dismiss plaintiffs' petition. With directions to reinstate the petition, the cause is—Reversed and remanded.

All JUSTICES concur.