**500**

In the Matter of the CONSERVATOR-
SHIP OF Albert H. McCANN.

Albert H. McCann, a/k/a
A.H. (Dewey) McCann.

No. 88–1270.

Supreme Court of Iowa.

Aug. 16, 1989.

Review Denied Sept. 15, 1989.

Kevin C. Neylan, Neylan Law Office, Elkader, for appellant.

D.J. Ibeling, Cedar Rapids, for appellee-conservator.

Robert E. Ford of Klinger, Robinson & McCuskey, Cedar Rapids, for appellee-executor.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This appeal is from two probate court orders, one striking petitioner Emma Bovee's objections to the conservator's final report and the other approving the final report. We affirm.

On July 10, 1986, Albert H. McCann executed a voluntary petition for the appointment of his son-in-law, John Pierce, to be his guardian and conservator. Pierce was appointed without bond that.day and thereafter began marshalling the assets of the ward. In the course of doing so, Pierce cashed certain certificates of deposit held at a Wisconsin savings and loan. These certificates were listed in the ward's name and were payable on death to Bovee, with whom the ward had lived for approximately fifteen years before he became unable to handle his affairs. No prior court approval was sought or obtained by Pierce for these actions.

On September 21, 1987, Bovee filed a petition to have Pierce removed as conservator, alleging that he had mismanaged funds, altered investments without court approval, engaged in self-dealing with regard to those investments, and negligently failed to file complete and timely reports to the court. The gravamen of her charges then and her contention now on appeal is that she is entitled to the proceeds of the Wisconsin certificates of deposit. On October 13, 1987, the probate court held a hearing on Bovee's petition and found that she had made a *prima facie* case for Pierce's removal. However, the court felt a more extensive hearing was required before it could resolve all of the issues raised. Before that hearing could be held, the ward died on December 12, 1987.

■ On May 16, 1988, Pierce filed his final report, to which Bovee filed objections based on the same allegations brought in

her petition to remove Pierce. The probate court struck these objections on the ground that the conservatorship closed upon the ward's death. The court noted that Bovee could pursue her claim in the estate. The court later approved the final report on September 6, 1988.

The statutes relevant to resolution of this matter are Iowa Code sections 633.-675(2), 633.677, and 633.678. Section 633.-675(2) (1987) provides:

A guardianship shall cease, and a conservatorship shall terminate, upon the occurrence of any of the following circumstances:

. . . .

2. The death of the ward.

Section 633.677 provides in pertinent part:

Upon the termination of a conservatorship, the conservator shall pay the costs of administration and shall render a full and complete accounting to the ward or the ward's personal representative and to the court.

Section 633.678 provides:

Upon the termination of a conservatorship, all assets of the conservatorship shall be delivered, under direction of the court, to the person or persons entitled to them.

In *In re Guardianship of Pappas*, 174 N.W.2d 422 (Iowa 1970), this court addressed a situation similar to this case. In *Pappas*, the claimant filed with the conservator a claim that preceded the opening of the conservatorship. Before the conservator could act on this claim, the ward died. The probate court then upheld the conservator's request that the claim be pursued against the personal representative of the decedent's estate rather than against the conservatorship. On appeal, we stated:

The proper place for determining this claim following decedent's death was in the estate proceedings. Our statutes are clear and unambiguous in laying down that procedure. Quite obviously, the legislature did not intend that two courts, or two divisions of the same court, administer the same assets and process the same claims.

*Id.* at 424. Because the guardian waived his right to raise the objection, we held the claimant was entitled to a hearing in the guardianship. We stated, however, that if the point is timely raised, a claim is properly triable in the estate proceedings rather than the guardianship. *See Pappas*, 174 N.W.2d at 426.

Bovee argues *Pappas* is distinguishable from this case in that *Pappas* dealt with the dismissal of a filed claim and not solely with objections to the conservator's final report. Bovee notes that she never filed a claim in the conservatorship for the certificates of deposit; rather, she merely challenged the legality of Pierce's actions with regard to those funds. Bovee also asserts that it did not matter whether the claim in *Pappas* was pursued in the estate or the conservatorship, since the personal representative and the conservator were the same person. She contends she would be prejudiced by having to pursue a claim in the estate, for Pierce would not have to bear the burden of accounting for his stewardship and the approval of his final report would act as a vindication of that stewardship.

Bovee's distinction between the claim in *Pappas* and her objections here exalts form over substance. In both *Pappas* and this case the aggrieved party believed he or she was entitled to certain assets of the conservatorship upon its termination. *Pappas* stands for the proposition that there is a preference in the law that such matters be pursued in the estate. Of course, this is not an inflexible rule.

In *In re Conservatorship of Britten*, 430 N.W.2d 408, 410–11 (Iowa 1988), we upheld a district court order approving certain payments by the conservator from the ward's funds after the ward's death. Before the ward's death, the court had granted the conservator authority to make these payments. We concluded that:

Because the [previous] order carried strong issue preclusive connotations, the district court was justified in wrapping the matter up as part of the conservatorship accounting rather than permitting it

to be carried forward into the estate proceedings. The conservator, after the death of the ward, retained the power to adhere to valid adjudications of the court rendered before that death occurred.

*Id.* at 411–12. The facts in this case, however, do not justify application of this type of exception to the *Pappas* rule.

 We also disagree with Bovee's assertion that she would be prejudiced by being required to make a claim in the estate for the proceeds of the certificates of deposit. Under the circumstances presented, no adjudication regarding the propriety of Pierce's actions concerning those funds has been made. Bovee will be able to raise all issues relating thereto in the estate or in her action against Pierce personally. No prejudice shall be incurred by Bovee from her action in the conservatorship or by virtue of any issue being transferred for hearing in the estate proceeding. The trial court's closing of the conservatorship shall not constitute a discharge of liability, if any, against Pierce asserted by Bovee or the estate's personal representative.

We conclude the probate court was correct in closing the conservatorship and permitting Bovee to present her allegations in the estate proceedings.

AFFIRMED.