B. D. MOCK, Appellant, v. MARY J. CHALSTROM, *et al.*,
Appellees.

Vendor and Vendee; DEFECTIVE TITLE.   WHEN RELIEF WILL BE
1   DENIED.   Where suit is brought by a vendee against the ven-
dor, based on defects in the title growing out of irregular
probate proceedings and the vendor remedies the defects before
trial, the plaintiff is not entitled to relief on that ground.

Guardian's Deed:  PROBATE JURISDICTION;   SECOND DEED:   Where
2   a guardian's deed to real property has been defectively exe-
cuted, the probate court has jurisdiction to order a new deed
on the application of the guardian, although the same involves
equitable considerations.

Second Guardian's Deed:  BOND.   The fact that the clerk of court
3 . demands of the guardian a new bond on the execution of a
second deed does not affect the validity of the proceeding.

Taxation of Costs:   CONFUSION OF CAUSES OF ACTION.   Where
4   plaintiff having cause for complaint has confused an action to
quiet title with one in the nature of breach of warranty, it is
proper that each party be required to pay his own copy and
attorney's fees, and defendant all other costs.

Taxation of Costs.   In an action to quiet title no costs can be
5   taxed against defendant, under Code, section 4226, on whom
notice has not been served.

Foreclosure of Mortgage:  COSTS.   Where a cross bill in a suit to
6   perfect a title asks foreclosure of a mortgage which might
have been refused prior to a perfection of plaintiff' title,
equity will permit a decree of foreclosure without costs and
attorney's fees.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

MONDAY, OCTOBER, 19, 1903.

THE opinion states the facts.   There was a decree in
favor of defendants, and plaintiff appeals.—*Modified* and
*Affirmed.*

*E. D. Samson* and *H. G. Carpenter* for appellant.

*A. G. Kingsbury* for appellees.

BISHOP, C. J.—From the record before us we glean the following state of facts: The property in controversy consists of a lot, with dwelling house and other improvements thereon, situated in the city of Des Moines. In June, 1885, the property was owned by Charles Chalstrom. At about the date named he died intestate, leaving surviving him the defendants Mina J. Chalstrom, his widow, and Mary J., Jennie E., August E., and Charles W. Chalstrom, his children, all being at the time minors. Isaac Brandt was appointed guardian for said minors by regular proceedings. In February, 1889, the widow, Mina J. Chalstrom, contracted to sell the property in question to the defendant W. B. Arnburg, for the gross sum of $1,400. Brandt, guardian, made application to the probate court of Polk county, having jurisdiction of the guardianship proceedings, for authority to join in the sale and conveyance, and an order was made and entered in said court authorizing and directing the sale of the interests of said minors. Conveyances proper in form were accordingly executed by said widow and by said Brandt, guardian, to Arnburg, and the latter at the time of the delivery thereof paid of the consideration agreed upon the sum of $500 in cash, and executed and delivered to Brandt, guardian, his note secured by mortgage on the property for the sum of $900, the balance of the purchase price. It appears, however, that notice of the application to sell said property was not served upon the minors, and it also appears that the deed executed by Brandt, guardian, was not presented to and approved by the court. At the time of his purchase Arnburg went into possession of the property, and continued therein until April, 1892, when he sold the property to this plaintiff, and conveyed the same by deed

of general warranty.    The consideration agreed to be paid by plaintiff to Arnburg was $1,500.    A portion of this was paid in cash, a portion by the assumption of the mortgage given to Brandt, and for the balance a note secured by second mortgage on the property was given to Arnburg. Plaintiff went into immediate possession, and has paid the taxes and made many valuable improvements on the property.    Before the commencement of this action Brandt resigned as guardian, and Mina J. Chalstrom was appointed and qualified in his stead.    At the time this action was commenced Mary J. and Jennie E. Chalstrom had reached the age of majority.    No controversy exists as to the foregoing state of facts, and it is also admitted that all the moneys received by the guardian have been expended for the use and benefit of his wards.    It is difficult to determine from the pleadings in the action just what is the attitude and what are the demands of the respective parties, as much confusion exists therein.    In his original petition plaintiff says that he has demanded of the defendant Arnburg that he make good the title to the property, but that no steps have been taken to accomplish such result.    In this pleading plaintiff demands a decree establishing and confirming his title against each of the defendants, or if this be denied, that his notes given to the guardian and Arnburg be canceled, and that he have an accounting as against Arnburg to determine the amount due him for all moneys paid, improvements made, etc., and for costs and attorney's fees.    Thereafter, and on October 1, 1900, plaintiff filed an amendment to his petition, in which he apparently abandons his demand that title be quieted in him, and tenders to defendant Arnburg the possession and a reconveyance of the property, and demands judgment against said Arnburg upon an accounting to be had for all moneys paid and expended by him, less the reasonable rental value of the property.    It

appears, however, that to this amendment a demurrer was interposed and sustained, and no exception was taken to the ruling.

On March 14, 1901, plaintiff filed what is termed an amended and substituted petition. Taken as such, and judged by the ordinary rule, we should be compelled to dismiss the plaintiff's action, inasmuch as the pleading now under consideration contains nothing in the way of a description of any property, nor is there to be found the allegation of an issuable fact concerning the title, or want of title, to any particular property. Evidently the court below treated this pleading, notwithstanding the designation thereof, as a simple amendment to the original petition, and we shall so treat the same. Therein plaintiff prays only for a rescission of his purchase of the premises in controversy, for an accounting, and for judgment against defendant Arnburg for all sums found due. The defendants, in their several answers, deny that demand was made upon them, or opportunity given them to perfect the title to the property in controversy before the commencement of this action. All the other material allegations of fact alleged by plaintiff are admitted. By a subsequent amendment to their answers they allege that since the commencement of this action the two wards who have come of age and Mina J. Chalstrom, as guardian of the two minor wards, under proper authority of court, have executed and caused to be recorded valid deeds of all their rights and interests in the property in question to defendant Arnburg. The defendants Chalstrom and the defendant Arnburg, in separate cross-bills, ask foreclosure of the respective mortgages held by them, such cross-bills being filed in connection with their original answers. A reply was filed by plaintiff, which will be noticed presently as far as material to be considered. Evidently the decree entered was not drawn up by counsel for plaintiff. Thereby it is determined in terms that the conveyances

*pendente lite* by the adult heirs and the guardian of the minor heirs to the defendant Arnburg perfected title in him, and that such inured to the benefit of plaintiff. Accordingly, the relief demanded by plaintiff is denied, and his petition dismissed, at his costs. The decree then recites that on the prayer of the defendants the title to the property is quieted in plaintiff. The defendants Chalstrom were given judgment against plaintiff on their cross-bill for $643.78, with interest at eight per cent. from December 1, 1901, and for $39.30 attorney's fees and costs, and awarded a foreclosure of the mortgage held by them. The defendant Arnburg was given judgment on his cross-bill against plaintiff for $198.42 with interest at seven per cent. from December 1, 1901, and for $19.84 attorney's fees and costs and a foreclosure of his mortgage.

　　To say that the subsequent conveyances made to Arnburg inured to the benefit of plaintiff is to announce the application of a rule of law elementary in character, and too well understood to require the citation of authorities. And where an action is commenced against a vendor by his vendee, based upon an alleged defect in or failure of title, it will be sufficient to defeat the action if it be made to appear that before trial the title has been perfected. *Stevenson v. Polk*, 71 Iowa, 288. Having in mind the doctrine of the case just cited, it is clear that plaintiff was not entitled to a decree for rescission, conceding that under other circumstances such would have been an appropriate remedy. Assuming that the probate proceedings were irregular, the very defect of which plaintiff complained, and the existence of which was the occasion of his appeal to the courts, was cured, and his title perfected, before the beginning of the trial; indeed, before the filing of his amendment praying for a rescission. In no event can anything be claimed for the amendment to the petition filed October 1, 1900, as the ruling upon the demurrer took

*1. VENDOR and vendee: defective title: when relief will be denied.*

such pleading out of the case.    That plaintiff was entitled
to have a decree quieting his title may be very well con-
ceded.    In dismissing the petition the court below evi-
dently acted upon the assumption that plaintiff was no
longer asking for a decree quieting title.   ‘ But he was
praying for equitable relief generally, and the decree con-
tains a provision quieting his title as against all the de-
fendants.    It does not occur to us that such provision is
robbed of any of its force by the further statement made
in the decree that the court was moved thereto by the
prayer of the defendants.   ,Of course, the court could not
foist upon plaintiff any affirmative relief that he was not
asking or did not desire, and he is not bound to accept of
the relief decreed if he shall so determine.

But plaintiff says in his reply that the probate pro-
ceedings were ineffectual to authorize a conveyance on
behalf of the interested minors, and that, accordingly, the

2. GUARDIANS        conveyance made did not have the effect to
deed: probate    perfect the title to the property in plaintiff.
jurisdiction:
second deed.      It appears that soon after this action was
commenced the guardian made application to the probate
court setting forth the proceedings theretofore had on the
application of Brandt, guardian, and calling attention to
the defects in such proceedings; also setting forth what
had been done thereunder, and praying an order authoriz-
ing the present guardian to make a conveyance to perfect
the title in Arnburg.    Such an order was made, a convey-
ance executed, approved, and recorded.    Counsel says
that the probate court had no jurisdiction to so act; that
the proceeding was in the nature of an action in equity,
of which probate courts may not assume jurisdiction.
With this contention we do not agree.   We may well ad-
mit that an equitable consideration is involved where it
appears that a probate court, finding that a former deed
authorized by it has proven ineffectual to convey title be-
cause of defective proceedings, upon further application

by the guardian orders a new deed to be executed to accomplish what was intended by the first deed. But that such a proceeding is in the nature of an action the subject-matter of which is cognizable only in a court of equity is a proposition having no support either in reason or authority. By statute the probate court is given jurisdiction over the estates of minors, and control of the guardians appointed by it to have the personal charge of such estates. It would be strange doctrine, indeed, to say that the jurisdiction thus conferred may be defeated by pointing out that in respect of some act done there was involved the application of a principle such as that courts of equity recognize and are moved by.

The further objection is made that the probate proceedings culminating in the second deed were irregular. We have examined the record carefully, and do not find that the objection has any material support in the evidence.

So, too, there is no force in the objection based upon the fact that at the time of the proceedings in question the clerk of the probate court had demanded of the guar-
3. SECOND guardians deed: bond. dian the execution of a new or additional bond. She was acting as guardian under her appointment, and had all the powers of such until disqualified by some order of court. We conclude that by the proceedings had, in connection with what was done thereunder, the plaintiff became vested with full title to the property in question, and that he has no further ground of complaint with respect thereto. We think, however, that he has reason to complain of some matters embraced in the decree, and we now direct attention thereto.

That plaintiff had cause therefor at the time his action was commenced is, for all practical purposes, conceded.
4. TAXATION of costs: confusion of causes of action. True, he mixed up an action to quiet title as against the guardian and minor heirs with an action in the nature of one based upon a breach

of warranty against Arnburg; but of this no complaint was made. Such being the situation, it seems clear that he should not be taxed with the necessary costs of the case. The pleadings are voluminous, and the whole record is in much confusion, so that it would be a matter of no little difficulty to determine just what items of costs were necessary. We conclude that a fair disposition of the matter may be, made by ordering that each party pay his own copy and witness fees, and that all other costs down to the time of the entry of the decree be paid by defendant Arnburg. No

5. TAXATION of costs. taxation of costs can be made in favor of plaintiff as against the other defendants for the reason that no notice was served upon them as required by Code, section 4226. It was not necessary to serve such a notice upon Arnburg, as the action against him, in effect, was based upon the covenants in the deed executed by him to plaintiff.

Under the cross-bill filed by the defendants, judgments were entered in their favor, and foreclosures ordered. At the time of filing their cross-bill it is clear

6. FORECLOSURE of mortgage: costs. that defendants Chalstrom had no right to the relief demanded. In equity plaintiff could not be held to pay the note given to the guardian so long as the title to the property remained in the minors, and the suit on their behalf should not have been brought therefor at least until title was perfected in plaintiff. Equity does not require us, however, to disturb the decree entered upon such note and mortgage as to the principal sum due thereon, with interest, but no costs of suit or attorney's fees should be allowed. What we have just said applies with equal force to the decree entered in favor of Arnburg. At the time of filing his cross-bill he was subject to the demand of plaintiff for relief, and until he procured the title to the property to be perfected in plaintiff equity might well have denied him the right of foreclosure. We therefore allow the decree in his favor

to stand as to the principal sum, with interest, but without costs of suit or attorney's fees. Each party is required to pay the printing costs made by them, respectively, in this court, and all other costs will be taxed to the defendant Arnburg. We further direct that the issuance of an execution on the decree be withheld for sixty days from and after the filing of a *procedendo* in the court below. We do not attempt to determine in this opinion any of the rights which may exist between the defendant Arnburg and his co-defendants, as we do not understand any such question is before us. The decree of the district court is modified in the respects above indicated, and otherwise it is affirmed. The cause is ordered remanded to the district court for further proceedings in harmony with this opinion and according to law.—MODIFIED and AFFIRMED.