IN RE ESTATE OF BENJAMIN F. MYERS.

MARY A. MYERS et al., Applicants, Appellees, v. WILLIAM M. MYERS et al., Executors, Defendants, Appellants.

No. 45296.

OCTOBER 15, 1940.

Allen T. Percy and Hobart E. Newton, for appellants.

R. K. Craft and Carl P. Knox, for appellees.

HAMILTON, J.—In matters of this kind, the trial court must necessarily be allowed to exercise a large discretion and, unless such discretion was abused, should not be interfered with by this court. In re Quigley's Estate, (Iowa), 165 N. W. 29. Under the provisions of section 12066, Code of Iowa, 1939, broad power is vested in the court in the matter of removing an executor or administrator.

In the instant case, the action was brought by the surviving spouse of testator, who had a life estate in certain described real estate, in which one of the beneficiaries and heirs of testator joined. The will contained a provision for the payment of the debts, including mortgage indebtedness on the real estate, from the proceeds of personal property. The executors consisted of a son and two sons-in-law of testator, all three of whom were indebted to the estate. It is very apparent from the testimony that they were required to deal with themselves and that their personal interests were in conflict with the interest of the estate.

Irregularities, such as the purchase by executors of property of the estate, failure to compute interest on their individual claims, failure to make reports, allowing a chattel mortgage to become barred by the statute of limitations, long delay in the settlement of the estate, and others, are disclosed by the record which furnish ample basis for the court's finding. There was no abuse of discretion on the part of the trial court and we, therefore, should not interfere with his ruling.

The order removing the executors should be and is affirmed. —Affirmed.

CHIEF JUSTICE and all JUSTICES concur.