IN RE ESTATE OF CHARLES W. COOK.

No. 46685.

JUNE 19, 1945.

Joseph C. Picken, of Des Moines, for James Wavel Cook, appellant.

Lewis & Lewis, of Mount Ayr, for Estate of Charles W. Cook, appellee.

MULRONEY, J.— Richard H. Cook and Charles W. Cook were bachelor brothers and on February 22, 1934, they executed wills by which each left all his property to the other. Richard died on December 22, 1943, and Charles died four days later, on December 26th. The inventory in Richard's estate lists the note of James W. Cook for $1,500, dated September 30, 1931, due September 30, 1932. James W. Cook is a nephew and heir of Charles W. Cook. The executor of the latter's estate sought to retain and offset the amount due on the note from the share due

James W. Cook as such heir of Charles W. Cook, deceased. James W. Cook resisted on the ground that no right of offset and retainer existed for there was no relationship of debtor and creditor existing between himself and Charles W. Cook in the latter's lifetime. Upon hearing, the trial court entered judgment for the executor, holding that the executor of the estate of Charles W. Cook had the right of retainer or offset on the obligation. James W. Cook appeals and asserts that the holding of the trial court was contrary to the law of Iowa.

I. James W. Cook does not argue against the general right of retainer that an executor may exercise against an heir who was indebted to the testator in his lifetime. Nor does he argue that the statute of limitations would defeat such general right for in his pleading he admits: "That had James Wavel Cook [James W. Cook] inherited from Richard H. Cook to whom he owed even an outlawed note the law of offset or retainer would have applied * * *." See Lohman v. Mockler, 190 Iowa 578, 180 N. W. 644, and cases there cited. The gist of appellant's argument is that the law of offset and retainer is applicable only where the relationship of debtor and creditor existed in the lifetime of the parties, and since appellant inherited from Charles and did not owe Charles, then the executor of Charles Cook's estate cannot use the note as an offset.

But it is not true that appellant did not owe Charles in his lifetime. Charles, to whom was bequeathed his brother Richard's property, owned the debt for four days before he died. See In re Estate of Ferris, 234 Iowa 960, 979, 14 N. W. 2d 889, 899, and In re Estate of Willenbrock, 228 Iowa 234, 290 N. W. 502. Moreover, the right to exercise retainer or offset does not depend upon an indebtedness that existed in the lifetime of the testator. See Lambright v. Lambright, 74 Ohio St. 198, 205, 78 N. E. 265, 267, 6 Ann. Cas. 807, 809, where it is stated:

"* * * and this right [of offset and retainer] and duty exists whether the heir, legatee or creditor was indebted to decedent at the time of his death or contracted a liability to the estate thereafter, in either event the right of the heir or legatee to participate in the distribution of the estate, or of the creditor to be paid his claim, is subject and subordinate to the debt of such distributee

or creditor to the estate, and the latter, in so far as there are assets in the hands of the administrator applicable thereto, must first be paid and satisfied."

As somewhat similar, see In re Estate of Hayer, 233 Iowa 1343, 1353, 11 N. W. 2d 593, 599. There the right of retainer was asserted as to fees due Vera Hayer Redenbaugh, who was also a legatee for an indebtedness incurred after the testator's death when judgment was rendered against her for the costs of an unsuccessful will contest. There we stated:

"The right of retainer exists as to any claim which the estate may have by reason of costs for which such estate is liable, or has paid, and which are included in the judgment against Vera Hayer Redenbaugh. Such costs may be offset or collected from the fees in the hands of the clerk *or from any other fund or interest which the said Vera Hayer Redenbaugh may have in the estate of Ellen B. Hayer.*" (Italics supplied.)

II. In some of the cases where the heir or legatee borrowed from the testator the debt has been considered an advancement which diminished the estate by the amount advanced. Appellant points to such cases and predicates an argument that the right of retainer exists only when the heir or legatee borrowed from the testator. The remarks in those cases about advancements are pertinent to the facts of such cases but that does not mean that the right of retainer does not exist unless an advancement from the testator to the heir or legatee can be found. This court, speaking through Justice Bliss, in In re Estate of Ferris, supra, 234 Iowa 960, 981, 14 N. W. 2d 889, 900, stated:

"In a few of the cases what the heir received was treated as an advancement, but the thought is also expressed that with respect to the right of retainer there is no basic difference between an advancement and a loan or other debt to the estate." See, also, Wick v. Hickey, Iowa, 103 N. W. 469, 470.

The theory of an advancement is one of the reasons for the existence of the right of retainer, and where the heir has borrowed from the testator it is usually mentioned as a reason for the rule that will result in equality among the distributees. It

is by no means the only reason. Others are broad equitable principles, plain moral and legal duty of the heir to pay his debt to the estate, the equitable principle that an heir should not be permitted to share in an estate until he has discharged his obligation to contribute to it, and that one seeking equity must do equity. In re Estate of Ferris, supra.

Because the general right of retainer or offset was not questioned in the argument for appellant in this case, and because the subject was exhaustively treated in the recent case of In re Estate of Ferris, supra, we refrain from a further discussion of this equitable right. We hold the trial court was right in its conclusion that the right of retainer existed under the facts of this case.—Affirmed.

All JUSTICES concur.