Mark P. Cleghorn et al., Plaintiffs-Appellants, v. Thomas
Herbert Benjamin, Defendant-Appellee.

No. 47212.

(Reported in 31 N. W. 2d 887)

April 6, 1948.

Prichard & Prichard and John D. Beardsley, all of Onawa,
for appellants.

Underhill & Underhill, of Onawa, for appellee.

Hale, J.—The land which is involved in this action is
described as the NW¼ of Section 30, Township 84, Range 45,

160 acres; also the 40 acres lying immediately south of the west part of the NW¼ and described as the NW¼ of the SW¼ of said Section 30, Township 84, Range 45, and 80 acres, the north part of which lies immediately west of the last above-described tract and which is described as the E½ of the SE¼ of Section 25, Township 84, Range 46. All of the land became the property, by inheritance, of Mark P. Cleghorn, John C. Cleghorn, Ruth C. Pechstein, and Frances E. Cleghorn, brothers and sisters, in equal parts. Frances E. Cleghorn is, and has been for some time, incompetent and a patient in the Cherokee State Hospital. Mark E. Cleghorn is her duly appointed and qualified acting guardian.

On August 5, 1946, the guardian filed an application in the guardianship asking authority to make partition of all the land described above, setting out that he himself was interested as an owner of an undivided one fourth. On the same day a guardian ad litem was appointed by the district court and three appraisers were appointed to appraise the real estate and make report to the court as to the feasibility of 'the division of said real estate. Notice was duly served in the manner prescribed by law on the incompetent, Frances E. Cleghorn, owner of the other undivided one fourth. Answer of guardian ad litem was filed, and an order partitioning the real estate among the four owners. The appraisers made a report dated September 15, 1946, which was filed on September 30, 1946, which report fixed the value of the NW¼ of Section 30 at $32,000; the NW¼ of the SW¼ of Section 30 at $4,400; and the E½ of the SE¼ of Section 25 at $10,800; total value, $47,200.

A contract of sale was entered into in September 1946 by which plaintiffs agreed to sell said Northwest Quarter of Section 30 to the defendant, Thomas Herbert Benjamin, for $32,000, of which all but $500 was paid. On September 30, 1946, in the guardianship, the court entered an order approving the sale and division of the real estate described in the first paragraph. By that division the ward received in kind a part of said real estate, and the Northwest Quarter of said Section 30. went to the plaintiffs.

On March 4, 1947, the abstract of title to the Northwest Quarter of Section 30 was submitted to the purchaser, the de-

fendant, Benjamin, for examination. On March 18, 1947, certain objections were made to said abstract of title by the defendant and such objections were all duly complied with by the plaintiffs, with one exception. And again, on June 16, 1947, a warranty deed duly executed was tendered to the defendant. The sole objection of the defendant to the title is set out in defendant's answer in this proceeding, and is as follows:

"The defendant denies that the abstract of title tendered to him by the plaintiffs shows marketable title to said real estate, for the reason that at entry number 37 of said abstract of title it appears that a partition of the interest of Frances E. Cleghorn, incompetent, in said real estate has been attempted by a proceeding in probate in the matter of the guardianship of said Frances E. Cleghorn, incompetent, whereas the only lawful method of procedure for the partition of said interest was in equity by the only statutory procedure prescribed therefor, being Rule 270 of the Rules of Civil Procedure of Iowa and others of such rules as set out in Chapter 651 of the 1946 Code of Iowa."

The petition in this action was filed June 19, 1947, to compel the payment of the $500 balance of the purchase price, and for general equitable relief. Defendant, as above stated, filed answer setting up the objection above mentioned. Trial was had to the court on the stipulated facts, and the court entered a decree dismissing plaintiffs' petition, from which decree plaintiffs appeal.

I. It will thus be seen that the only objection urged against the title by the defendant is a question of procedure—by proceeding in probate instead of in equity. We will assume, without so holding, that the proceeding for partition should have been brought in equity. No question of fraud was raised, and the court expressly said that the good faith of the appraisers and the good faith of the purchaser were not anywhere questioned. The defendant makes no claim as to any irregularity and nowhere challenges the method pursued in the sale or division of the land, except that it was not brought by equitable proceedings, but in probate. Therefore, we have nothing in

458

issue but the question of this specific objection: Was the district court in probate without jurisdiction to hear and determine the proceeding? No objection was made to the right of the district court to determine the cause in probate.

In its findings and decree the rulings of the court are somewhat general, holding to a strict construction of the statute authorizing the sale or mortgage of a ward's property, but such findings and decree go beyond the issues in the action before it and are not confined to the exact and only issue which is involved in this action both by pleading and stipulation.

Plaintiffs argue, and correctly, that the issues must be confined to the agreed statement of facts. There can be little question as to this proposition. A court cannot go outside of the record and decide questions neither pleaded nor argued. Plaintiffs cite Andrew v. Marshalltown State Bk., 209 Iowa 277, 279, 227 N. W. 899, 900, in which it is said:

"As the case is submitted on an agreed statement of facts, and such withdrawal is not referred to in such statement, it can receive no consideration in our disposition of the case."

In Andrew v. Iowa Savings Bank (Iowa), 213 N. W. 271, there was a stipulation as to the amount of deposits. The books of the bank showed a different amount, but the court held that the city's claim under the sinking fund against an insolvent depositary should have been an amount shown in the stipulation notwithstanding the ledger showing a smaller amount due the city, and this is the general rule. See, also, First Unitarian Soc. v. Citizens Sav. & Tr. Co., 162 Iowa 389, 391, 142 N. W. 87, 88, 51 L. R. A., N. S., 428, Ann. Cas. 1916B, 575, in which it is said:

"We think appellant's discussion in the briefs goes quite beyond the facts appearing of record. Our consideration and discussion of the question presented must necessarily be circumscribed by the agreed statement of facts."

It is unnecessary to cite further the many holdings to the same effect. Orderly procedure requires that a court determine only the questions presented and the same is true on appeal.

■ II. We have then to consider only the question of whether there was authority for the proceeding in the probate court. There is but one district court in Iowa. In the absence of a motion to transfer, the court in a probate proceeding has the same power and jurisdiction as it would have at either law or equity. Our most recent case announcing this doctrine is In re Guardianship of Damon, 238 Iowa 570, 573, 28 N. W. 2d 48, 49. This case states:

"In this state the probate court is not a separate or distinct court with powers and jurisdiction strictly its own. It is part of the district court, which has general, original jurisdiction of all actions, proceedings, and remedies. We have frequently pointed out there is but one court of general jurisdiction in Iowa—the district court. Before it all proceedings come, whether law, equity, or probate. Forms of action differ but they are not controlling. Separate dockets are kept merely for convenience and efficiency, to expedite the administration of justice. The remedy to which a party is entitled may be awarded in utter disregard of its place on the calendar unless objection is raised in the manner prescribed by statute—a motion to transfer to the proper docket. If no such motion is made, any error in the kind of proceedings adopted is waived. See sections 611.7, 611.9, 611.12, Code, 1946." Citing In re Estate of Anders, 238 Iowa 344, 350, 26 N W. 2d 67, 71; Jennings v. Schmitz, 237 Iowa 580, 585, 20 N. W. 2d 897, 901, and cases cited; In re Guardianship of Baldwin, 217 Iowa 279, 284, 251 N. W. 696; In re Estate of Heaver, 168 Iowa 563, 567, 568, 150 N. W. 698, and other cases.

See, also, In re Estate of Ferris, 234 Iowa 960, 992, 14 N. W. 2d 889; In re Estate of Weidman, 209 Iowa 603, 606, 228 N. W. 571, and cases cited. Also, Mock v. Chalstrom, 121 Iowa 411, 96 N. W. 909.

■ The cases on this proposition are numerous in this court, and without exception announce the rule above set out in the cases cited. No attempt to transfer was made, and in such case the right to transfer is deemed to be waived and the proceeding regular, and our holding must be accordingly.

III. Defendant argues that there was a lack of jurisdiction of the tribunal and that it may therefore be attacked collaterally in an action in equity. With this we do not agree. As shown by the authorities cited there was jurisdiction both of the subject matter and of the parties in the probate court. See Mock v. Chalstrom, supra. In that case the question was whether guardian's deed was properly authorized. The court said:

"Such an order was made, a conveyance executed, approved, and recorded. Counsel says that the probate court had no jurisdiction to so act; that the proceeding was in the nature of an action in equity, of which probate courts may not assume jurisdiction. With this contention we do not agree. We may well admit that an equitable consideration is involved where it appears that a probate court, finding that a former deed authorized by it has proven ineffectual to convey title because of defective proceedings, upon further application by the guardian orders a new deed to be executed to accomplish what was intended by the first deed. But that such a proceeding is in the nature of an action the subject matter of which is cognizable only in a court of equity is a proposition having no support either in reason or authority. By statute the probate court is given jurisdiction over the estates of minors, and control of the guardians appointed by it to have the personal charge of such estates. It would be strange doctrine, indeed, to say that the jurisdiction thus conferred may be defeated by pointing out that in respect of some act done there was involved the application of a principle such as that courts of equity recognize and are moved by." At page 416 of 121 Iowa, page 911 of 96 N. W.

See, also, Bunce v. Bunce, 59 Iowa 533, 13 N. W. 705; Pursley v. Hayes, 22 Iowa 11, 13, 92 Am. Dec. 350. To the same effect, Hamiel v. Donnelly, 75 Iowa 93, 39 N. W. 210.

Under the record before us our conclusion must be that the ruling and decree of the trial court should be reversed.

It is provided in the stipulation between the parties, paragraph 8, that an attorney fee should be taxed as a part of the costs in favor of the plaintiffs, and that the court will take judicial notice as to what constitutes a reasonable fee. For that

purpose only, it is necessary that the cause be remanded to the district court for the taxation of such fees as costs as may be proper. In other respects on the issue submitted to us, the cause is reversed.—Reversed and remanded with directions.

GARFIELD, WENNERSTRUM, MANTZ, SMITH, and HAYS, JJ., concur.

MULRONEY, C. J., and OLIVER and BLISS, JJ., specially concur.

MULRONEY, C. J. (specially concurring)—I concur in the result reached in the majority opinion but I do not feel the reversal should be based upon a waiver of the right to transfer the partition proceedings from probate to equity. This presupposes an adversary partition proceeding in the probate court that could have been transferred to equity. But the other cotenants were not parties to the probate proceedings that resulted in the partition. I feel the record shows a voluntary partition by cotenants, which the probate court found was fair as to the ward's estate; that partition can be made in this manner; and that the probate court had jurisdiction to authorize and approve the voluntary partition.

There is no question but that partition between cotenants of realty may be accomplished by mutual consent. 40 Am. Jur., Partition, section 2; 47 C. J., Partition, section 1.

The fact that one of the co-owners is incompetent presents no bar to a voluntary partition where the guardian of the incompetent enters into the mutual agreement and the probate court is charged with the management of the incompetent's estate. In 47 C. J., Partition, section 10, the rule is stated:

"A voluntary partition of land which is just and equal, agreed upon by the guardian of an insane person and the other cotenants, is valid and will be upheld by a court having jurisdiction of the management of the estate of the insane person."

In this state the probate court's jurisdiction includes the "management * * * of the property" of persons subject to guardianship. Section 604.4, Code, 1946. And the guardian

for the property of an incompetent is "appointed to manage the same." Section 668.3 and section 670.1, Code, 1946.

In Bennett v. Arrowsmith, 101 Kan. 143, 144, 145, 165 P. 812, the guardian of a lunatic entered into a voluntary partition agreement for the land owned by the ward in cotenancy and when the agreement was presented to the probate court for approval that court held the "division was fair and just and equal, and if carried out would be to the benefit of the lunatic's estate" but that court held it "was without jurisdiction to authorize the partition." In reversing, the supreme court of Kansas quoted the statute giving probate courts jurisdiction over the "management" of such estates and held:

"It is settled law in this state that the probate court is a court of general jurisdiction with respect to the subjects committed to it * * * and manifestly one of those subjects is management of the estate of a lunatic.

"It has been said that cotenancy is an association compelled by interest, but reprobated by every other consideration. (Freeman on Cotenancy and Partition, p. 461, §393.) A cotenant may compel partition, and because of this fact, voluntary partition is permissible. Voluntary partition may be made even by parol, if subsequently acted on * * *

"Consequently partition of land belonging to a person under guardianship is essentially management of his estate, within the meaning of the statute already quoted."

In Hunt v. Rabitoay, 125 Mich. 137, 143, 84 N. W. 59, 61, 84 Am. St. Rep. 563, it is stated:

"We think partition of lands by the guardians of infants and incompetents is fully sustained by the authorities as well as by reason. Either cotenant could compel a partition. What may be compelled by the law parties should be allowed to accomplish amicably, so long as no advantage is taken and the partition is equal."

In the instant case the probate court found the partition would be to the best interest of the ward's estate. He was careful to protect the ward's interest by ordering an appraisal by tracts and by appointing a guardian ad litem, but the actual

partition, which the court approved, was accomplished by a voluntary exchange of deeds between cotenants. No attack is here made on the fairness of the partition.

I would reverse on the ground that the probate court, clothed with powers to manage the ward's estate, had full jurisdiction to authorize and approve the voluntary partition.

OLIVER and BLISS, JJ., join in this special concurrence.