**In the Matter of the ESTATE OF Arnold RANDERIS, Gary Randeris, Executor and Beneficiary, Appellant,**

v.

**Dennis RANDERIS and Jane Patten, Objectors, Appellees.**

No. 93–1184.

Court of Appeals of Iowa.

Aug. 25, 1994.

Ronald W. Feilmeyer of Cambridge, Feilmeyer, Landsness, Chase & Jones, Atlantic, for appellant.

Anthony J. Hruban of Bradford, Coenen & Welsh, Omaha, Nebraska, and Michael P. Childs, Harlan, for appellee Jane Patten.

Thomas R. Eller of Eller, Brink, Sextro & Tilton, Denison, for appellee Dennis Randeris.

Heard by HAYDEN, P.J., and HABHAB and CADY, JJ.

CADY, Judge.

This is an appeal by the executor of the Estate of Arnold Randeris from an order by the probate court which removed him as executor and trustee, set aside three predeath conveyances of real estate, directed a set off of the executor's debt to the decedent against the executor's inheritance, and vacated the award of executor and attorney fees. We conclude the probate court was not authorized to set aside the predeath conveyances, but affirm on the remaining issues.

Arnold Randeris died June 28, 1992. His wife predeceased him. Arnold left a will, dated October 10, 1990. It named his three adult children, Gary Randeris, Jane Patten, and Dennis Randeris, as equal beneficiaries and nominated Gary as executor. The will authorized the executor to sell the residential property as well as the household goods and personal effects the children did not divide among themselves within one year after Arnold's death. The proceeds from the sale were to be divided equally among the three children. The residue of Arnold's estate was to be placed in trust, with Gary as trustee, until the tenth year of the anniversary of his death. Arnold left assets valued at nearly $700,000, including 347 acres of farmland worth approximately $500,000.

The will was admitted to probate. Gary was appointed executor. He designated Lewis and Barron, attorneys at law, as counsel. Gary ultimately filed a final report and application for discharge. Jane filed objections to the report and petitioned to remove Gary as executor and trustee. Dennis joined in the objections.

Jane and Dennis alleged Gary should have taken steps to consider whether Arnold possessed sufficient mental capacity to transfer three parcels of real estate of unequal value to each of the children nine days before his death. Gary received the most valuable parcel. Arnold was suffering from cancer at the time and resided in a nursing home. In the weeks prior to his death, he was often confused and disoriented. Jane and Dennis also observed that the final report failed to mention a debt Gary incurred to Arnold many years ago which Gary discharged in bankruptcy in 1986. They believe the debt should have been set off against Gary's distribution under the will.

Jane and Dennis were also critical of the manner Gary distributed the household and personal items. They pointed out the distribution was unequal and Gary failed to sell the undistributed items. Jane also objected to the earlier award of fees to the executor and the attorney of $13,865 for their ordinary services in the estate. The fee order was entered without prior notice to the beneficiaries and contained no itemization of services or other information. She also questioned the value placed by Gary on the farm property. The grounds for removal generally paralleled the objections to the final report.

Following a hearing on the final report and petition for removal, the district court declined to approve the final report and ordered Gary removed as executor and trustee. The court also ordered the undistributed household goods and personal property be sold at public auction with the proceeds distributed as provided in the will. The court found Gary was indebted to Arnold in the sum of $5700 and ordered the amount paid into the estate. The court also set aside the predeath conveyances based on the lack of mental capacity by Arnold to make the transfers and directed the property be distributed through the estate. Finally, the court set aside the award of executor fees and approved the attorney fees subject to an independent appraisal of the real estate. The court directed Gary be paid a reasonable fee for his services based on the submission of an itemization of services. The trial court summarily denied a motion under rule 179(b), Iowa Rules of Civil Procedure, and Gary appealed.

Gary raises a host of issues on appeal. Some overlap and will be considered together. First, Gary argues the district court, sitting in probate, had no jurisdiction or no authority to set aside the predeath conveyances. Secondly, he asserts the district court improperly set off his discharged debt because the issue was not properly raised and the decedent never intended for a setoff

or retainer to apply. Gary next argues the evidence did not support his removal as executor and trustee. Finally, Gary claims the executor and attorney fees should be awarded based on the values of the estate assets he utilized in the probate inventory.

## I. *Standard of Review.*

Our review in appeals from rulings by the probate court on objections to an executor's final report is de novo. *In re Estate of Bruene,* 350 N.W.2d 209, 211 (Iowa App.1984). We are not bound by the findings of the trial court, but give them weight, especially when the credibility of a witness is involved. *Id.* We also confine our review to those propositions raised in support of reversal. *In re Estate of Martin,* 261 Iowa 630, 634, 155 N.W.2d 401, 403 (1968). In questions involving the removal of an executor by the probate court, we review the entire record under an abuse of discretion standard. *In re Myers' Estate,* 229 Iowa 170, 171, 294 N.W. 235, 235 (1940).

## II. *Jurisdiction.*

Gary argues the probate court had no authority to set aside the predeath conveyances. He asserts the issue was never pled and the probate court lacked jurisdiction to consider the matter.

In Iowa, probate courts have special jurisdiction exercised by a separate division of a court of general jurisdiction. *In re Guardianship of Matejski,* 419 N.W.2d 576, 578 (Iowa 1988). When sitting in probate, the district court is a court of general jurisdiction. *Id.* Although the probate court is not typically open to actions at law or equity, "it has plenary jurisdiction to determine matters essential to probate business before it." *Id.* Thus, the question whether a matter is properly before a probate court is often more one of procedure than jurisdiction. *Beem v. Beem,* 241 Iowa 247, 250, 41 N.W.2d 107, 109 (1950); *See Cleghorn v. Benjamin,* 239 Iowa 455, 31 N.W.2d 887 (1948) (in absence of motion to transfer, probate court has same jurisdiction as it would either at law or in equity).

Notwithstanding, the jurisdiction of a court can ordinarily be exercised only within the scope of the pleadings, except when new issues are raised by the evidence without objection. *See* 20 Am.Jur.2d *Courts* § 74, at 81 (1990); *McCarthy v. McCarthy,* 162 N.W.2d 444, 447 (Iowa 1968) (court had no right or authority to consider matters outside the pleadings); *Henry Walker Park Ass'n v. Mathews,* 249 Iowa 1246, 1257, 91 N.W.2d 703, 710 (1958) (issue not fairly raised by the pleadings should not be considered by the court). In this case, the probate court was presented with a final report of the executor, together with objections to the report and an application to remove the executor. In such proceedings the executor generally occupies the same status as a plaintiff in a civil action and the objector occupies the position of defendant. 34 C.J.S. *Executors and Administrators* § 883 (1942). The final report and objections stand as the pleadings which limit the issues to be tried. *Id.* The jurisdiction of the court is invoked to determine those issues contained within the pleadings.

The issues involved in the removal of an executor are unrelated to the issue of whether predeath transfers of property by the decedent should be set aside. *See* Iowa Code § 633.65 (1993). The issues presented by a hearing on a final report involve the correctness of the executor's accounting and those questions necessarily involved in the accounting. 34 C.J.S. *Executors and Administrators* § 892 (1942). The inquiry can be broad, but is usually confined to the conduct of the executor in his or her fiduciary capacity. *Id.* Furthermore, a hearing on a final report does not invoke the court's jurisdiction to actually adjudicate title to property. *McGarry v. Mathis,* 226 Iowa 37, 43, 282 N.W. 786, 789 (1938); *See* Iowa Code § 633.477 (1993).

We conclude the probate court improperly set aside the predeath transfers of property at the hearing. The issue was not properly before the court through the pleadings, nor was it adjudicated by consent. One of the issues before the probate court was whether the executor failed in his duty to account for all estate property, including the need to take action to set aside any transfers made by the decedent prior to his death. The actual validity of the deeds, however,

was not at issue and was not necessarily involved in the resolution of the question concerning the conduct of the executor. The evidence offered at the hearing regarding the competency of the decedent prior to his death related to the reasonableness of Gary's failure to pursue action to challenge the deeds and did not justify a trial over the validity of the deeds.

### III. *Right to Retainer.*

 When a distributee of an estate is indebted to the estate, the executor is authorized to treat the amount of the debt as a setoff against the property of the estate which the distributee is entitled to receive. Iowa Code § 633.471 (1993). This is known as the right of retainer or setoff. It is based on the equitable principle that heirs should not be permitted to share in the estate until they have discharged their moral and legal obligation to contribute to it. *In re Cook's Estate,* 236 Iowa 399, 402, 19 N.W.2d 84, 85 (1945). The right of retainer is not barred by the statute of limitations and is not discharged in bankruptcy. Iowa Code § 633.471 (1993). It does not apply, however, to disputed claims. 34 C.J.S. *Executors and Administrators* § 494 (1942). The intention of the testator to forgive a debt may also preclude a setoff. *See* M.O. Regensteiner, Annotation, *Personal Representative's Rights of Retainer or Set off, against Debtor's Distributive Share of Estate, of Debt Barred by Statute of Limitations,* 39 A.L.R.2d 675 § 5 (1955).

The district court found Gary failed to make a provision in the final report for a setoff of his discharged debt to her father. In failing to approve the report, the district court determined the setoff amount to be $5700 and ordered Gary to pay the amount into the estate.

Gary argues the issue was not properly before the court on a hearing for approval of the final report. Moreover, he asserts his father never intended the debt to be repaid or set off against his share of the property.

 A hearing on a final report in probate properly includes the liability of the executor to the estate. *In re Hayer's Estate,*

233 Iowa 1343, 1346, 11 N.W.2d 593, 595 (1943). *See* 34 C.J.S. *Executors and Administrators* § 892 (1942). In this case, the written objections to the final report clearly raised the issue whether the amount of Gary's indebtedness should be set off and retained from his share of the estate. Under the circumstances, we believe the issue was properly before the probate court for adjudication.

 It is generally recognized that a legacy to a debtor does not discharge the debt unless the will clearly manifests the intent to extinguish the debt by express words or by implication. 96 C.J.S. *Wills* § 1143 (1957). The will in this case made no reference to the forgiveness of debts or any set off of debts. Gary claims the will's silence reveals the testator intended to forgive the debt since the debt arose prior to the creation of the will. An intention to waive the right to an offset, however, may not be implied because the will was executed subsequent to the indebtedness. 96 C.J.S. *Wills* § 1144 (1957).

 We are unable to conclude from our review of the evidence that the decedent intended to release Gary from his debt. Gary produced some evidence that Arnold released him from the debt prior to his death. However, this evidence was insufficient to support a finding of a release. No written evidence was offered, and the trial court found Gary's testimony to be inconsistent and evasive. Gary acknowledged the debt in his bankruptcy proceedings, including the amount. The trial court, under the circumstances, properly directed Gary to pay the debt to the estate.

### IV. *Removal.*

Gary claims the evidence did not support his removal by the probate court as executor and trustee. This claim encompasses other issues raised by the executor on appeal, including his argument he had no obligation to set aside the predeath conveyances and he properly distributed the personal property as required under the will.

 The trial court has broad discretion in deciding whether to remove an execu-

tor and trustee. *In re Estate of Lovell,* 344 N.W.2d 576, 579 (Iowa App.1983). We examine the record de novo to determine whether an abuse of discretion can be found. *Schildberg v. Schildberg,* 461 N.W.2d 186, 190 (Iowa 1990).

The grounds for the removal of an executor are spelled out by statute and include mismanagement of the estate and failure to perform any duty imposed by law. Iowa Code § 633.65 (1993). These grounds generally parallel the grounds for removal of a trustee. *See Schildberg,* 461 N.W.2d at 191. A conflict of interest may support removal as well as unwarranted hostility between the executor and trustee and the beneficiaries. *Id.* at 192–93; *In re Estate of Cutler,* 368 N.W.2d 724, 727–29 (Iowa App. 1985).

The evidence as a whole reveals no abuse of discretion by the trial court in removing Gary as executor and trustee. Gary failed to obtain guidance from the court on several important matters which seriously compromised his judgment and his duties as executor and trustee. The hostility between Gary and the beneficiaries also destroyed the trust and confidence necessary in the discharge of the duties of an executor and trustee.

The evidence supporting removal includes Gary's failure to pursue or even consider any action to set aside the predeath deeds. The evidence presented at the hearing raised serious questions concerning the competency of Arnold to execute the deeds. Problems also developed in the distribution of the personal effects as directed in the will. Contrary to the terms of the will, Gary kept the undistributed household items and failed to fully account for other items. He also determined, on his own, that his share of the estate did not need to be set off against his

discharged debt to the decedent. The duty of the executor to collect debts due the estate includes his or her own debts to the estate. *In re Hayer's Estate,* 233 Iowa at 1347, 11 N.W.2d at 595–96.

Courts are cautious to remove a trustee named by a settlor, as opposed to one appointed by the court. *Schildberg,* 461 N.W.2d at 191. We also recognize courts generally refrain from removing a trustee appointed by a settlor based on grounds existing at the time the trust was created. *Id.* Based on all the evidence in this case, however, we are unable to conclude the trial court abused its discretion.

### V. *Attorney Fees.*

The law requires attorney and executor fees for customary services in estate proceedings to be reasonable and not to exceed a fixed percentage of the value of certain assets in the estate. *In re Simon,* 288 N.W.2d 549, 551 (Iowa 1980). The maximum fee for ordinary services in Iowa in all but small estates is two percent of the gross estate assets, excluding joint tenancy assets excluded from the taxable estate and life insurance payable to a designated beneficiary, plus $120.[1] Iowa Code § 633.197–98 (1993).

It is customary, as followed in this case, for the attorney and executor fees to be set by the court on application by the executor prior to the final report, usually following the submission of the probate inventory. This is typically done, as in this case, without prior notice to interested persons. It is equally common for the maximum ordinary fee allowed by statute to be requested and approved by the court as in this case. The rules of procedure also allow one-half of the fees to be paid when the estate and inheri-

---

1. The court may also award a just and reasonable additional allowance to the executor and attorney for actual and necessary extraordinary expenses and services. Iowa Code § 633.199 (1993). There is no established definition of extraordinary services. Generally, this embraces activities not usually required in the administration of an estate. *See In re Seablom's Estate,* 231 Iowa 608, 1 N.W.2d 701 (Iowa 1942). They include services performed in connection with real estate, taxation, and litigation. Iowa Code § 633.199. In making an allowance for extraordinary services, the critical issue concerns the reasonable value of the services performed, as well as the compensation allowed for the ordinary services. *See In re Lieber's Estate,* 103 So.2d 192, 196–97 (Fla.1958). In the end, the goal is to provide fair and reasonable compensation for all services performed.

tance tax returns have been prepared, or when the inheritance tax clearance has been prepared or filed, whichever is applicable. Iowa R.Prob.P. 2(d). The remainder of the fees may then be paid after the final report is prepared and the costs paid. *Id.*

■ This customary procedure, however, does not preclude the court from reviewing and vacating an ex parte fee allowance at the hearing on the final report or some earlier time upon objection by an interested party. *In re Estate of Borrego,* 490 N.W.2d 833, 836 (Iowa 1992). The court may also order fees returned to the estate later found to be excessive. *Id.* Despite the accepted protocol, and regardless when the fee request is made, the law imposes a standard of reasonableness in the determination of fees for ordinary services and burdens the court with the responsibility to resolve the question. Iowa Code § 633.197–98 (1993). What constitutes reasonable fees depends upon a host of factors, including the competence and efficiency exercised in the estate, size of the estate, actual time devoted to the estate, nature and difficulty of the services performed, fee customarily charged for similar services, results obtained, and experience of the attorney or executor. *See In re Estate of Bolton,* 403 N.W.2d 40, 44 (Iowa App.1987); 31 Am.Jur.2d *Executors and Administrators* § 477 (1989); Model Code of Professional Responsibility DR 2–106 (1980). The size of the estate is relevant because it technically defines the attorney's exposure to liability. *Bolton,* 403 N.W.2d at 43–44. The size of the estate may also help forecast the extent of the work to be performed, but clearly without any degree of certainty. In actuality, strict reliance on the value of the estate assets in determining a fee can cause courts to fall short of their duty to set reasonable fees.

■ In this case, the trial court properly reconsidered the fees at the final hearing. In doing so, the trial court performed its legal responsibility to determine the fees were reasonable. Substantial evidence supports the trial court's discretionary decision. *See In re Engelkes' Estate,* 256 Iowa 213, 127 N.W.2d 111 (1964). We do not agree, however, that the estate should be burdened with the expenses of a formal appraisal of the real estate to help establish the accuracy of the attorney fees. As expressed earlier, the value of the assets of the estate merely establishes a ceiling and should not be emphasized more than the other factors in determining the reasonableness of fees. The reasonableness of the attorney fees should be determined by applying all the relevant factors, just as the reasonableness of the executor can be determined.

### VI. *Conclusion.*

In summary, we reverse that portion of the trial court's decision which set aside the pre-death conveyance of property. We also conclude the real estate should not be appraised for purposes of determining the attorney fees. We affirm the decision of the trial court on all other issues. We remand for further proceedings consistent with this ruling.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**