**IN THE COURT OF APPEALS OF IOWA**

No. 15-1993
Filed January 25, 2017

**IN THE MATTER OF THE ESTATE
OF HELEN E. HOUSER, Deceased,**

**BONNIE FORBES,**
        Executor-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Marsha A. Bergan, Judge.

Bonnie Forbes appeals the district court's order removing her as co-executor of her mother's estate. **AFFIRMED.**

David D. Burbidge of Johnston, Stannard, Klesner, Burbidge & Fitzgerald P.L.C., Iowa City, for appellant.

Thomas E. Maxwell of Leff Law Firm, L.L.P., Iowa City, for appellee Lawrence Houser.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Bonnie Forbes was one of Helen Houser's four surviving children. Forbes served as Houser's conservator and guardian while Houser was alive and became executor of her estate after she died.

In time, two of Forbes' brothers filed a petition to remove her as fiduciary. The court concluded Forbes' performance did not "warrant removal" but stated Forbes' "failure to communicate with the three other beneficiaries has caused delays in settling the estate." The court continued, "[Forbes] admits that she does not speak to her brothers. She relies on legal counsel to communicate with the other three beneficiaries. This is impractical under the circumstances of this estate with so many miscellaneous matters to which the executor must attend." The court appointed one of the brothers, Lawrence Houser, as co-executor of the estate and required "both co-executors" to sign "court-filings by the estate," as well as contracts.

Several months after this order was entered, Lawrence Houser petitioned to remove Forbes as co-executor. He asserted she remained "unwilling[] to talk directly to [him]" and insisted that all communication "go through [the estate's attorney.]" Following a hearing, the district court granted the petition. The court determined Forbes "fail[ed] to perform an essential duty when she refuse[d] to communicate with the co-executor" and "failed to abide by a lawful order of the court when she alone arranged for the estate to be bound by a rental agreement." The court removed her as co-executor and appointed Lawrence Houser "as the sole executor." Forbes appealed.

Iowa Code section 633.65 (2015) permits a court to remove a fiduciary under several circumstances, including when the fiduciary "has mismanaged the estate, failed to perform any duty imposed by law," or failed to follow "any lawful order of" the court. Removal actions are tried in equity. *See* Iowa Code § 633.33; *In re Estate of Rutter*, 633 N.W.2d 740, 745 (Iowa 2001). Review of actions tried in probate as equitable proceedings is de novo. *In re Estate of Thomann*, 649 N.W.2d 1, 3 (Iowa 2002). In reviewing executor-removal decisions, this court has superimposed an abuse of discretion standard on the statutory de novo standard of review. *See Estate of Randeris v. Randeris*, 523 N.W.2d 600, 604 (Iowa Ct. App. 1994) ("In questions involving the removal of an executor by the probate court, we review the entire record under an abuse of discretion standard.").

Forbes' non-cooperation with her siblings began long before her mother's death. As early as 2005, the court found she was "consistently and unjustifiably resistant to visitation by [her mother's] three adult sons." The court ruled her "in contempt of court for her willful failure to comply with the terms and conditions of the order appointing her as guardian."

After her mother's death, Forbes remained intransigent. In the order appointing her brother as co-executor, the court found she failed to communicate with her siblings about a scheduled viewing and appraisal of estate property. The court stated "the executor's refusal to talk with the other three beneficiaries—particularly when combined with the history of mistrust in the family—results [in] the other three beneficiaries being frustrated with the executor."

Even after Forbes lost her status as sole executor, she continued to ignore her siblings. Lawrence Houser testified it had been "almost three years since" their mother passed away and, during the entire time, Forbes failed to communicate with them or provide them with requested documents. In response, Forbes essentially conceded she transmitted communications with her siblings through her attorney and failed to provide them with documents underlying her financial reports. "[U]nwarranted hostility between the executor . . . and the beneficiaries" may warrant removal. *Id.* at 606. On our de novo review, we are persuaded the district court did not abuse its discretion in removing Forbes as co-executor. *See id.*

**AFFIRMED.**