# IN THE COURT OF APPEALS OF IOWA

No. 18-1506
Filed May 15, 2019

**RICHARD ALAN KESSLER and RICHARD L. KESSLER,**
Plaintiffs-Appellants,

**vs.**

**MERCEDES KESSLER, Individually and as Co-Executor of the Estate of Charles L. Kessler, and TOM THOMPSON, as Co-Executor of the Estate of Charles L. Kessler,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Jefferson County, Lucy J. Gamon, Judge.

Richard Alan Kessler appeals a district court ruling removing him as co-executor of his late father's estate. **AFFIRMED.**

Paul A. Miller of Miller Law Office, Fairfield, for appellants.

Gayla R. Harrison of Harrison, Moreland, Webber, Simplot, & Maxwell, P.C., Ottumwa, for appellees.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether the district court abused its broad discretion in removing a co-executor of a will.

## I. *Background Facts and Proceedings*

Richard Alan Kessler was named co-executor of his father's will. The will bequeathed stock to a testamentary trust of which Kessler was a trustee. However, a second codicil to the will removed certain stock from the trust. According to an accountant, the stock sale proceeds were placed in an investment account. Kessler's father separately designated his wife sole beneficiary of the account and executed a transfer-on-death beneficiary form granting her the assets in the account.

The will was admitted to probate. As co-executor, Kessler signed an oath to "faithfully discharge the duties imposed by law." *See* Iowa Code § 633.168 (2018).

In time, Kessler and his son filed a petition to set aside the second codicil and non-testamentary transfer of stock. They alleged, "There was no reasonable grounds for the decedent to dramatically limit distributions to [them] through the reduction to the . . . [t]estamentary [t]rust." They further alleged Kessler's father lacked testamentary capacity and was subject to undue influence by his wife.

The remaining co-executors petitioned for Kessler's removal as co-executor. They asserted Kessler had a duty to "make all reasonable efforts to sustain" the validity of the will and his "action to contest the second codicil . . . placed [him] in a conflict." The district court scheduled an evidentiary hearing solely on the removal petition, setting a separate trial on Kessler's petition to set

aside the second codicil and non-testamentary transfer. Following the hearing, the court ordered Kessler's removal as co-executor. The court reasoned in part:

> The Iowa Supreme Court has specifically determined that an executor's duty to defend a will includes all codicils thereto.
>
> In this case, Richard Alan Kessler has chosen to attack the Second Codicil to the Will rather than to defend it. . . .
>
> If Mr. Kessler is successful in his claim that the Second Codicil should be invalidated, he stands to benefit substantially. . . .
>
> . . . .
>
> Richard Alan Kessler has committed himself to being one of the attackers. Certainly it is Plaintiff's right to attack the Second Codicil, but this choice means that he is unable to perform his duty to make "all reasonable efforts to defend the will" in his role as Co-Executor. The Court concludes that Defendants' argument comes down to one undeniable proposition: Plaintiff cannot be both an attacker and defender of the Second Codicil. As Defendants argue, Plaintiff has placed himself in a position of irreconcilable conflict. He has violated a fundamental duty of being a Co-Executor, and should be removed from that position.

(Citation omitted.) Kessler appealed.

## II.  *Standard of Review*

"The trial court has broad discretion in deciding whether to remove an executor and trustee. We examine the record de novo to determine whether an abuse of discretion can be found." *Estate of Randeris v. Randeris*, 523 N.W.2d 600, 605–06 (Iowa Ct. App. 1994).

## III.  *Removal*

Kessler argues he "had a good faith belief that the second codicil" was executed "during a period of incompetency" and he would have breached "his fiduciary duty not to question" its validity. In his view, the court should have considered whether his removal was in the estate's best interests.

We have no quarrel with Kessler's decision to challenge the second codicil and transfer-on-death beneficiary form. *See* Iowa Code § 633.308 (authorizing

"[a]ny interested person [to] petition to set aside the probate of a will"). As the district court stated, he raised "colorable" claims that would likely generate "solid evidence on both sides of the question." But Kessler's claims for invalidation of the codicil and beneficiary form were independent of his co-executors' removal petition. *Estate of Randeris*, 523 N.W.2d at 604 ("The issues involved in the removal of an executor are unrelated to the issue of whether predeath transfers of property by the decedent should be set aside."). That petition is governed by Iowa Code section 633.65, which allows a court to remove "any fiduciary" for a variety of reasons, including when the fiduciary "failed to perform any duty imposed by law." A "conflict of interest may support removal." *Estate of Randeris*, 523 N.W.2d at 606.

It is undisputed that Kessler was a fiduciary. *See* Iowa Code § 633.3(16) (defining "executor" as "any person appointed by the court to administer the estate of a testate decedent"), (17) (including an "executor" in the definition of "fiduciary"). As a fiduciary executor, Kessler had an obligation to uphold the will. *See Van Gorden v. Lunt*, 13 N.W.2d 341, 344 (Iowa 1944). His petition challenging the second codicil sought to overturn the will. As the district court determined, Kessler's decision to attack rather than defend the will posed a conflict of interest.

The decedent's long-time accountant testified as much, as did the attorney who represented Kessler's father. The attorney acknowledged situations in which an executor may file claims against the estate but stated, when that happens, the executor "must step down." He continued, "[Kessler is] contesting a Codicil, and yet as an executor his duty is to defend the decedent's Will. So it's like I'm defending but I'm contesting. . . . He's not on board to defend the Codicil that an executor is charged

to do." We conclude the district court did not abuse its discretion in granting the removal petition.

In reaching this conclusion, we have considered Kessler's argument that he acted in good faith. That principle finds its roots in a fee provision rather than the removal statute. *See* Iowa Code § 633.315 (stating when executor "defends or prosecutes any proceedings in good faith and with just cause, . . . that person shall be allowed out of the estate necessary expenses and disbursements, including reasonable attorney fees"). The provision is inapposite.

We also have considered Kessler's assertion that the court should have made a determination of whether removal was in the estate's best interests. *Cf. Harvey v. Leonard*, 268 N.W.2d 504, 516 (Iowa 1978) (stating district courts have wide latitude in deciding whether to remove a trustee and "have consistently declined to so do unless such action is in the best interests of the trust and its beneficiaries"). Although the court did not use the phrase, the court essentially determined removal was in the estate's best interests when it found "an irreconcilable conflict" and the potential Kessler would gain "well over one million dollars" if he succeeded in his challenge to the codicil.

We affirm Kessler's removal as co-executor.

**AFFIRMED.**