**IN THE COURT OF APPEALS OF IOWA**

No. 18-0612
Filed May 15, 2019

**IN THE ESTATE OF ZANETA WALTERS,**

**ROBERT WALTERS and SANDI HETER,**
    Objectors-Appellants,

**vs.**

**SHIRLEY SHIRLEY and RICHARD WALTERS,**
    Co-Executors-Appellees.
_____

Appeal from the Iowa District Court for Mitchell County, Colleen D. Weiland, Judge.

Objectors appeal the district court's ruling on their objection to the co-executors' final report. **AFFIRMED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellants.

Mark L. Walk of Walk & Murphy, P.L.C., Osage, for appellees.

Considered by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Zaneta Walters died on March 8, 2016, and was survived by her five children: Shirley Shirley, Richard Walters, Robert Walters, Sandi Heter, and Susanne Bolt Kelley.[1]  Shirley and Richard were nominated in Zaneta's will and appointed co-executors of Zaneta's estate.  On June 23, 2017, Shirley and Richard filed the final report with the district court.  Robert and Sandi filed an objection to the report arguing the co-executors breached their fiduciary duties by failing to account for all the personal property, by selling items below fair market value, and by improperly disposing of some property.  The district court only found the co-executors engaged in self-dealing by gifting some Barbie dolls to a grandchild, resulting in the district court reducing the co-executors' distributions by $100 each. Apart from that, the district court approved the final report, finding the "co-executors did not otherwise breach any duty of ordinary care and acted in accordance with a 'reasonably prudent person' standard."  The objectors appeal.

Our review on objections to final reports is de novo.  *Estate of Randeris v. Randeris*, 523 N.W.2d 600, 604 (Iowa Ct. App. 1994); *see also* Iowa Code § 633.33 (2017).  The objectors bear the burden of proof to establish their objection. *In re Carson's Will*, 289 N.W. 30, 37 (Iowa 1939); *see also In re Estate of Wiese*, 257 N.W.2d 1, 7 (Iowa 1977) ("The burden to show wrongful conduct which suffices to surcharge a fiduciary is upon those so asserting.").  "Although we are not bound by the trial court's findings of fact, we do give weight to them,

---

[1] Susanne Bolt Kelley was specifically excluded from the will and is not involved in this appeal.

especially where the credibility of witnesses is involved." *In re Estate of Bruene*, 350 N.W.2d 209, 211 (Iowa Ct. App. 1984).

On appeal, the objectors argue the district court incorrectly determined the co-executors had not breached their fiduciary duties. In response, the co-executors urge us to affirm the district court's approval of the final report, asserting the objectors failed to meet their burden of showing the co-executors breached their fiduciary duties in excess of the district court's findings.

Regarding executors' fiduciary duties, Iowa Code section 633.160 states,

> Every fiduciary shall be liable and chargeable in the fiduciary's accounts for neglect or unreasonable delay in collecting the credits or other assets of the estate or in selling, mortgaging or leasing the property of the estate; for neglect in paying over money or delivering property of the estate the fiduciary shall have in the fiduciary's hands; for failure to account for or to close the estate within the time provided by this probate code; for any loss to the estate arising from the fiduciary's embezzlement or commingling of the assets of the estate with other property; for loss to the estate through self-dealing; for any loss to the estate arising from wrongful acts or omissions of any cofiduciaries which the fiduciary could have prevented by the exercise of ordinary care; and for any other negligent or willful act or nonfeasance in the fiduciary's administration of the estate by which loss to the estate arises.

The objectors argue the co-executors breached their fiduciary duties because they "committed negligent and willful acts of nonfeasance, lost value to the estate through self-dealing, failed to properly account for items, did not deliver all the property in their hands to the estate, and were absolutely negligent in their selling of the personal property." The objectors claim the co-executors should have sought expert advice, specifically from Robert, regarding the market value of the items, and failure to do so resulted in negligent selling of estate property. Also, the objectors claim the co-executors either disposed of or improperly accounted

for numerous items that the objectors believe should have been part of the estate. In its ruling, the district court stated,

> In whole, Shirley and [Richard] did a reasonable job identifying the personal property. Knowing that the value of property other than the real estate was of limited value, they conducted an adequate investigation into the options of disposing of it. They offered the other family members—including the objectors—an opportunity to retrieve items they might want. They put in the work to clean up the home and get it ready for sale. And the Court is unconvinced by the objectors' claims—both as to the breadth of "missing" items and as to their value, especially since they both had an opportunity to claim what they wanted from Zaneta's property.

At the hearing, numerous witnesses provided conflicting testimony about the property believed to be in Zaneta's possession at the time of her death and the value of her property. Robert, a semi-retired auctioneer, testified to the existence of and valuations of personal property he believed existed in his mother's estate, including jewelry, dolls, equipment, and more.[2] Testifying for the co-executors was Douglas Michael, a certified personal property appraiser, who opined the personal property in the house was of little value. He further stated the cost of hosting an auction would have exceeded the anticipated proceeds of said auction.

The district court was able to hear all the testimony and determine the credibility of each witness, noting, "[T]his Court sees little to criticize the executors about." The district court found it was "unconvinced by the objectors' claims" as to the missing property and the value of the property sold. On our de novo review, we defer to the district court's credibility finding regarding the testimony. *See*

---

[2] Robert relied heavily on eBay pricing to determine the market value of the property.

*Estate of Bruene*, 350 N.W.2d at 211. Since we find no credible evidence that warrants disrupting the district court's ruling, we affirm.

**AFFIRMED.**